IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST John P. LOUDERMAN, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY, Complainant,

v.

John P. LOUDERMAN, III, Respondent.

Supreme Court

*No. 98–2497–D. Filed October 26, 1999.*

(Also reported in 601 N.W.2d 625.)

¶ 1. PER CURIAM.   We review the report of the referee recommending that Attorney John P. Louderman, III, be publicly reprimanded as discipline

for his failure to send a document to the circuit court for its approval in a divorce action until more than six years after being ordered by the court to do so. We determine that a public reprimand is the appropriate discipline to impose for that misconduct, in light of the fact that Attorney Louderman has been privately reprimanded on three prior occasions for misconduct.

¶ 2. Attorney Louderman was licensed to practice law in Wisconsin in 1975 and practices in Madison. The Board of Attorneys Professional Responsibility (Board) privately reprimanded him, with his consent, three times: in 1985 for having improperly failed and refused to turn over the file of a former client for almost two years; in 1986 for neglecting to execute and record a mortgage properly for a client and pursue contempt proceedings against the mortgagor after telling his client he would do so; in 1996 for failing to consult with clients and obtain consent to complete a Qualified Domestic Relations Order (QDRO) in order to render their divorce judgment effective or to withdraw from their representation, for neglecting to inform one of the clients of the issues that had arisen in regard to the defective QDRO and divorce decree and failing to respond to her written inquiry requesting that steps be taken immediately to conclude all matters properly, and for representing both parties in a joint petition for divorce without obtaining the necessary written consent of both parties.

¶ 3. Based on stipulations of the parties, the referee in the instant proceeding, Attorney Norman Anderson, made findings of fact concerning Attorney Louderman's representation of a client in a divorce action that was commenced in 1989. The court's memorandum decision of October 2, 1990, divided the parties' marital estate, awarding the wife one-half of

the husband's defined retirement benefits through a QDRO. The decision directed Attorney Louderman to prepare the QDRO concerning the retirement benefits and, after approval by opposing counsel, submit it to the court for review.

¶ 4. The attorney for the wife sent Attorney Louderman a letter in December 1990 reminding him that he had been ordered to draft the QDRO and asking him to send a copy of the draft as soon as possible. Attorney Louderman wrote his client's pension fund in February 1991 to request a copy of its preferred form of a QDRO and ask the fund's general counsel to contact him. The wife's attorney again wrote Attorney Louderman in May 1991 inquiring into the status of the QDRO, and Attorney Louderman responded one month later that he felt it was inappropriate for him to draft it. The wife's attorney then reminded him that the court had ordered him to do so and asserted that she was unwilling to do it because her client had filed bankruptcy and her fees had been discharged and because of the fact that the judge had not directed her to draft the document.

¶ 5. As of May 8, 1991, Attorney Louderman still had not drafted the QDRO, but he did retain a lawyer to do it for him. By the end of January 1993, the QDRO had been drafted, but the pension fund would not accept it unless a provision that would allow the former wife to receive benefits while her former spouse received disability benefits were deleted, as such a provision was inconsistent with the terms of the fund. At some time prior to March 1997, it came to Attorney Louderman's attention that the QDRO never had been processed. He then submitted the QDRO to the court for its approval on March 4, 1997, more than six years and five months after he had been ordered to draft and

submit it to the court. The court approved the QDRO the day following its submission.

¶ 6.   On the basis of those facts, the referee concluded that by not sending the QDRO to the court for its approval until more than six years after being ordered to do so, Attorney Louderman failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.[1] In recommending a public reprimand for that misconduct, the referee explicitly took into account Attorney Louderman's testimony at the disciplinary hearing that when he is required to draft a QDRO in a divorce case, he now hires another attorney to do the work. The referee also considered Attorney Louderman's three prior private reprimands for misconduct, as well as the fact agreed to by the parties that no one suffered any financial loss as a result of Attorney Louderman's neglect, although the client's access to the pension funds was delayed.

¶ 7.   We adopt the referee's findings of fact and conclusions of law and impose the public reprimand recommended. Attorney Louderman has established a history of neglecting his clients' matters, and public discipline is called for to impress upon him the seriousness of his professional obligations to clients and to deter him from engaging in similar misconduct in the future.

¶ 8.   IT IS ORDERED that John P. Louderman, III, is publicly reprimanded for professional misconduct.

¶ 9.   IT IS FURTHER ORDERED that within 60 days of the date of this order John P. Louderman, III pay to the Board of Attorneys Professional Responsibility the

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

costs of this proceeding, provided that in the event the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of John P. Louderman, III to practice law in Wisconsin shall be suspended until further order of the court.