In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Virginia Rose RAY, Attorney at Law:

OFFICE OF LAWYER REGULATION, f/k/a Board of Attorneys Professional Responsibility, Complainant,

v.

Virginia Rose RAY, Respondent.

Supreme Court

*No. 01–1784–D. Decided October 2, 2002.*

2002 WI 116

(Also reported in 651 N.W.2d 727.)

¶ 1. PER CURIAM.   We review the findings of fact, conclusions of law, and recommendations for sanctions of the referee, John Schweitzer,[1] pursuant to former SCR 21.09(5).[2] Attorney Virginia Rose Ray was found to have engaged in unprofessional conduct in the course of her practice of law and to have failed to cooperate with an investigation of grievances filed against her with the Board, all in violation of the Rules of Professional Conduct. The referee recommended a 60–day suspen-

---

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process underwent a substantial restructuring. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed from the Board of Attorneys Professional Responsibility (Board) to the Office of Lawyer Regulation, and the Supreme Court rules applicable to the lawyer regulation system were also revised. Since the conduct underlying this case arose prior to October 1, 2000, all references will be to the Board and to the Supreme Court rules in effect prior to October 1, 2000.

[2] Former SCR 21.09(5) provided:

(5) The referee shall, within 30 days of the conclusion of the hearing, file with the clerk of the supreme court a report stating his or her findings and disposition of the complaint or petition by recommendation of dismissal or imposition of discipline as provided in SCR 21.06 or suspension or conditions upon the continued practice of law for medical incapacity. The board or the attorney may file an appeal of the referee's report with the supreme court within 20 days of the filing of the report. *If no appeal is timely filed, the supreme court shall review the referee's report and determine appropriate discipline in cases of misconduct* and appropriate action in cases of medical incapacity and may, on its own motion, within 30 days of the expiration of the time for appeal, order the parties to file briefs in the matter or extend the time in which it may order briefs. The supreme court's final disposition of disciplinary and medical incapacity proceedings shall be published in the official publications specified in SCR 80.01. (Emphasis added.)

sion of Attorney Ray's license to practice law, payment to a former client of $4000 with interest, and the payment of the costs of these proceedings.

¶ 2.  We approve the findings, conclusions, and recommendations and determine that the seriousness of Attorney Ray's misconduct warrants the imposition of these sanctions.

¶ 3.  Attorney Ray was admitted to the practice of law in Wisconsin in 1988 and currently practices in Dodgeville, Wisconsin. She has no prior disciplinary history.

¶ 4.  On July 2, 2001, the Board issued a complaint against Attorney Ray ordering her to answer within 20 days. She eventually answered and, after the referee was appointed, a hearing was held on November 19, 2001. Prior to that Attorney Ray had stipulated that she had violated counts five and six of the 18–count complaint. The referee issued his report, containing findings of fact, conclusions of law, and a recommended disposition, on March 14, 2002.

¶ 5.  The counts of the complaint relate to Attorney Ray's involvement in five cases.

## CASE ONE

¶ 6.  The first six counts relate to Attorney Ray's representation of a client in a divorce action in 1998. The man paid Attorney Ray $4000 as a flat fee to cover all legal services through final judgment. Attorney Ray put an undetermined number of hours into the case during the first month and shortly thereafter the client discharged her. He then sought the unearned portion of the $4000 and Attorney Ray refused to refund it.

¶ 7.  When the client complained to the Board and it investigated the matter, Attorney Ray failed to respond to the Board's first two initial letters of inquiry.

Subsequent requests by the Board to her to provide a written response to the complaint also went unheeded. Attorney Ray eventually did grant the Board an interview during which she claimed that it was a non-refundable fee.

¶ 8. Counts one and two alleged that Attorney Ray had failed to hold the $4000 in a proper client trust fund as required by SCR 20:1.15(a)[3] and had otherwise failed to properly hold the funds in trust as required by

---

[3] SCR 20:1.15(a) provides:

(a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. Funds held in connection with a representation or in a fiduciary capacity include funds held as trustee, agent, guardian, personal representative of an estate, or otherwise. All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c). The trust account shall be maintained in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The trust account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay or avoid imposition of account service charges, may be deposited in such an account. Unless the client otherwise directs in writing, securities in bearer form shall be kept by the attorney in a safe deposit box in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The safe deposit box shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. Other property of a client or third person shall be identified as such and appropriately safeguarded. If a lawyer also licensed in another state is entrusted with funds or property in connection with an out-of-state representation, this provision shall not supersede the trust account rules of the other state.

SCR 20:1.15(d).[4] These counts had been withdrawn by the Board prior to the hearing and thus are no longer part of this proceeding.

¶ 9. Count three alleged that Attorney Ray failed to perform sufficient services to justify the $4000 fee as required by SCR 20:1.5(a).[5] However, the referee found

---

[4] SCR 20:1.15(d) provides:

(d) When, in the representation, a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be treated by the lawyer as trust property until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall continue to be treated as trust property until the dispute is resolved.

[5] SCR 20:1.5(a) provides:

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

that the Board had failed to prove this count. He found that there was no evidence regarding the amount of time Attorney Ray spent working on the case and that it was possible that she spent at least 14 hours working on it which would justify the fee if calculated at the rate of $300 per hour, what the referee perceived to be the upper end of the range of reasonable attorney fees for this type of matter.

¶ 10.   Count four alleged that Attorney Ray did not take proper steps upon termination of the representation to protect her client's interest as required by SCR 20:1.16(d).[6] The referee also found that the Board failed to provide adequate proof of a violation in this regard.

¶ 11.   As previously noted, counts five and six were admitted by Attorney Ray. They alleged that she had failed to respond to the Board as required by former SCR 22.07(2)[7] and had failed to cooperate with the

---

[6] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[7] Former SCR 22.07(2) provided:

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

Board's investigation as required by former SCR 21.03(4).[8]

## CASE TWO

¶ 12. Counts seven and eight concern Attorney Ray's representation of a father in 1998 to re-establish joint custody of his two children after his former spouse moved them without his permission from Georgia to Wisconsin and then to Pennsylvania, the home of their maternal grandmother. Attorney Ray, her client, her client's new spouse, and a police officer, went to the home of the ex-spouse's sister who lived in Wisconsin. Attorney Ray began yelling at the woman about hiding the children while they had been in this state. She threatened the sister that she would go to jail for interference with the child custody order or for conspiracy to kidnap. She also made similar threats against a friend of the sister who was present during this confrontation and who Attorney Ray thought might have also been involved in this matter. The friend was apparently so intimidated by Attorney Ray that she later "turned herself in" for arrest to the local sheriff's department. On several subsequent occasions, Attorney Ray engaged in similarly abusive telephone conversations with the sister and the grandmother.

¶ 13. Count seven alleged a violation of SCR 20:3.10[9] which prohibits an attorney from threatening

---

[8] Former SCR 21.03(4) provided: "(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator."

[9] SCR 20:3.10 provides: "Threatening criminal prosecution. A lawyer shall not present, participate in presenting or threaten to present criminal charges solely to obtain an advantage in a civil matter."

to present criminal charges solely to obtain an advantage in a civil matter. However, the referee found that there had been no such violation because, giving Attorney Ray the benefit of the doubt, she might have been more interested in simply getting the children under the jurisdiction of a Wisconsin court than she was in necessarily obtaining an advantage for her client.

¶ 14. However, the referee did find a violation of count eight based on SCR 40.15 which states that an attorney is to abstain from all displays of an offensive personality, which is part of the attorney's oath,[10] as well as SCR 20:8.4(g)[11] which designates as unprofessional conduct a violation of that oath. The referee was particularly influenced by the testimony of the sister's friend who had no vested interest in the matter. The referee considered her testimony to be more reliable than that of Attorney Ray who had denied that her conduct could be fairly described as reflecting an offensive personality.

## CASE THREE

¶ 15. Counts nine and ten involve Attorney Ray's representation of another divorce client. Another attorney was appointed by the court to serve as the guardian ad litem for the minor child of the marriage. The counts centered on a 1998 conference in the chambers of

---

[10] SCR 40.15 provides, in pertinent part:

> The oath or affirmation to be taken to qualify for admission to the practice of law shall be in substantially the following form:
>
> . . . .
>
> I will abstain from all offensive personality . . . .

[11] SCR 20:8.4(g) provides: "It is professional misconduct for a lawyer to: (g) violate the attorney's oath."

Circuit Court Judge William Dyke. The allegations generally alleged that Attorney Ray interrupted, contradicted, and talked back to Judge Dyke as well as the guardian ad litem and opposing counsel.

¶ 16.  Specifically, count nine alleged a violation of SCR 20:3.5(c),[12] which prohibits engaging in conduct intended to disrupt a tribunal. Although Attorney Ray interrupted the other attorneys at the conference by stating, "Oh, brother," and "Oh, what crap," and continued to argue with Judge Dyke after he told her that her conduct was inappropriate, the referee found no violation. Although he found that she had disrupted the tribunal, he could not find evidence that she had intended such a result. Rather he perceived that she was frustrated by the entire situation and, although completely in the wrong, did not violate the rule.

¶ 17.  Count ten had alleged that Attorney Ray violated SCR 20:8.4(g) in failing to maintain the respect due to courts of justice and judicial officers, as well as SCR 40.15[13] which demands this of attorneys as part of their oath. In this instance the referee found a violation based on statements Attorney Ray made in letters to Judge Dyke that her client would not comply with the court's visitation order, by reiterating this at the conference, and by arguing with Judge Dyke that her conduct in general at the conference was appropriate.

---

[12] SCR 20:3.5(c) provides: "A lawyer shall not: (c) engage in conduct intended to disrupt a tribunal."

[13] SCR 40:15 provides, in pertinent part:

> The oath or affirmation to be taken to qualify for admission to the practice of law shall be in substantially the following form:
>
> . . . .
>
> I will maintain the respect due to courts of justice and judicial officers.

## CASE FOUR

¶ 18.   Counts 11 and 12 stem from Attorney Ray's failure to respond to requests for information from the Board with respect to a grievance filed by a man who claimed that she had attempted to intimidate him regarding a legal matter during a telephone call and had also made false statements regarding the matter in a communication to a public body. Count 11 alleged a violation of SCR 21.03(4) which requires that an attorney cooperate with the Board in the investigation, prosecution, and disposition of grievances and complaints. Count 12 alleged a violation of SCR 22.07(2) requiring that an attorney fully and fairly disclose all facts and circumstances pertaining to alleged misconduct within 20 days of being served a request for a response.

¶ 19.   Attorney Ray told the Board investigator that she would not respond to the grievance because she was a sole practitioner, had no secretary, the matter was not worthy of investigation, and that she generally did not have time for the procedure. She then hung up on the investigator. Attorney Ray later failed to respond to a certified letter sent by the Board regarding the matter.

¶ 20.   Based on Attorney Ray's admission that she had generally refused to cooperate with the Board, the referee found a violation of both counts.

## CASE FIVE

¶ 21.   Counts 13 to 18 involved Attorney Ray's representation of Pamela Kuehni in a 1995 divorce. The client paid her a $4000 retainer fee which was to apply to all services through final judgment. After an initial meeting which lasted only one hour the client heard

nothing from Attorney Ray for two months. When she went back to see Attorney Ray, the latter swore at her and made derogatory comments about her. This prompted the client to leave and she later called Attorney Ray to terminate the attorney-client relationship and to seek a refund. Attorney Ray admitted to the client that she was entitled to the refund but then told her that she did not have the money to pay her and would not have the funds for more than one year.

¶ 22.  Count 13 alleged a violation of SCR 20:1.15(a) which requires that an attorney hold all client funds in a trust account. The referee found that Attorney Ray had failed to deposit the $4000 into her client trust account as required.

¶ 23.  Count 14 alleged a violation of SCR 20:1.15(d) which requires that the attorney treat property in which both the attorney and another person claim interest as trust property until there is an accounting and severance of their interests. The referee further found that the failure to place the $4000 into a client trust account violated this rule.

¶ 24.  Count 15 alleged a violation of SCR 20:1.5(a) which requires that attorney fees be reasonable. The referee found that because Attorney Ray had performed minimal legal services for the client, the retention of the full $4000 was unreasonable.

¶ 25.  Count 16 alleged a violation of SCR 20:1.16(d) which requires that upon termination of representation the attorney is to take steps to protect the client's interest including a refund of any advance payment that has not been earned. Once again the referee found that Attorney Ray's conduct constituted a violation.

¶ 26.  Count 17 alleged a violation of SCR 22.07(2) which requires that the attorney fully and fairly dis-

close all facts and circumstances pertaining to the alleged misconduct within 20 days of being served by the Board with a request for a response. The referee found that Attorney Ray had failed to respond to the Board investigator's letter and subsequent oral request for a written response to the grievance.

¶ 27.   Finally, count 18 alleged a violation of SCR 21.03(4) which requires that attorneys cooperate with the Board in the investigation, prosecution, and disposition of grievances and complaints. The referee also found that Attorney Ray's failure to respond to the Board violated this rule.

## RECOMMENDED DISCIPLINE

¶ 28.   To summarize, the referee found violations with respect to 12 of the complaint's original 18 counts, two having been dismissed by the Board. Six of the violations concern her failure to cooperate with the Board investigation; two are trust account violations; two are excessive fee violations; and two are offensive personality/failure to maintain respect violations.

¶ 29.   The Board asked for a suspension of six months or more and a restitution order for the fee of $4000 in case number one and the Kuehni fee of $4000. Attorney Ray agreed to refund the $4000 to Kuehni, without interest or penalties, but requested dismissal of all other counts although she agreed to a letter of reprimand for her failures to respond to the Board.

¶ 30.   The referee has recommended a 60–day suspension, refund of $4000 plus interest to Kuehni, and payment of the costs of this proceeding. The referee indicated that a suspension was necessary to motivate Attorney Ray to renew her familiarity with, and appreciation of, the rules of procedure, civility, cooperation

with authority, and trust accounting. The referee further indicated the belief that anything less than the suspension might fail to have the necessary sufficient impact upon Attorney Ray and her behavior in the future. Further, it was his opinion that although some of her actions were quite serious, because she had not previously been the subject of disciplinary proceedings, a 60–day suspension would be adequate.

## CONCLUSION

¶ 31.   We adopt the findings of fact and conclusions of law of the referee. Attorney Ray's misconduct, as described above, represents a serious failure to comply with the specified rules of professional conduct. Furthermore, the referee's recommendation of sanctions is appropriate discipline for this misconduct.

¶ 32.   IT IS ORDERED that the license of Attorney Virginia Rose Ray to practice law in Wisconsin is suspended for a period of 60 days, effective November 6, 2002.

¶ 33.   IT IS FURTHER ORDERED that Attorney Virginia Rose Ray comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended.

¶ 34.   IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Virginia Rose Ray shall pay to Pamela Kuehni $4000 with interest at 5% from June 8, 1999. In the event that Kuehni has already obtained a civil judgment against Attorney Ray, she shall satisfy the specific amount of that judgment.

¶ 35.   IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Virginia Rose Ray shall pay $10,015.22 to the Board representing the cost of this proceeding. If these costs, and the refund to

31

the client, are not paid within the time specified, and absent a showing to this court of her inability to pay the costs within that time, the license of Attorney Virginia Rose Ray to practice law shall remain suspended indefinitely until further order of the court.