IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Virginia Rose RAY, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Virginia Rose RAY, Respondent.

Supreme Court

*No. 03–1743–D. Decided April 23, 2004.*

2004 WI 45

(Also reported in 678 N.W.2d 246.)

¶ 1. PER CURIAM. We review the findings of fact, conclusions of law, and recommendations of Referee

Catherine M. Rottier for sanctions, pursuant to SCR 22.17(2).[1] Attorney Virginia Rose Ray was found to have engaged in professional misconduct in the course of her practice of law in violation of the Rules of Professional Conduct. The referee recommended a five-month suspension of her license to practice law, the payment of restitution, and the payment of the costs of the Office of Lawyer Regulation (OLR).

¶ 2. We approve the findings of fact and conclusions of law of the referee. However, we determine that the misconduct of Attorney Ray warrants the imposition of a six-month suspension of her license.

¶ 3. Attorney Ray was licensed to practice law in Wisconsin in 1988. Pursuant to *In re Disciplinary Proceedings Against Ray,* 2002 WI 116, 256 Wis. 2d 19, 651 N.W.2d 727, her license was suspended for 60 days. The suspension has not yet been lifted because she has not satisfied the conditions of the order and has not petitioned for such relief. That case involved 12 ethical violations. Six concerned Attorney Ray's failure to co-operate with the Board of Attorneys Professional Responsibility, two were trust account violations, two were excessive fee violations, and two were violations of the prohibition against an offensive personality and failure to maintain respect.

¶ 4. The current disciplinary matter concerns three counts arising out of matters that occurred prior to imposition of the 2002 suspension: (1) charging an

---

[1] SCR 22.17(2) provides:

> (2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

unreasonable fee, in violation of SCR 20:1.5(a);[2] (2) improper termination of representation, in violation of SCR 20:1.16(d);[3] and (3) refusal to cooperate with the OLR's investigation of the grievance, in violation of

---

[2] SCR 20:1.5(a) provides:

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

[3] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

SCR 21.15(4)[4] and SCR 22.03.[5] Neither side has appealed from the referee's report.

[4] SCR 21.15(4) provides:

(4) Every attorney shall cooperate with the office of lawyer regulation in the investigation, prosecution and disposition of grievances, complaints filed with or by the director, and petitions for reinstatement. An attorney's wilful failure to cooperate with the office of lawyer regulation constitutes violation of the rules of professional conduct for attorneys.

[5] SCR 22.03 provides: Investigation.

(1) The director shall investigate any grievance that presents sufficient information to support an allegation of possible misconduct.

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

(3) Staff involved in the investigation process shall include in reports to the director all relevant exculpatory and inculpatory information obtained.

(4) If the respondent fails to respond to the request for written response to an allegation of misconduct or fails to cooperate in other respects in an investigation, the director, or a special investigator acting under SCR 22.25, may file a motion with the supreme court requesting that the court order the respondent to show cause why his or her license to practice law should not be suspended for willful failure to respond or cooperate with the investigation. All papers, files, transcripts, communications, and proceedings on the motion shall be confidential and shall remain confidential until the supreme court has issued an order to show cause. The license of an attorney suspended for willful failure to respond or cooperate with an investigation may be reinstated by

¶ 5. The court will adopt the referee's findings of fact unless they are clearly erroneous. *In re Disciplinary Proceedings Against Charlton,* 174 Wis. 2d 844, 498 N.W.2d 380 (1993). The court does not grant deference to the referee's conclusions of law and reviews them on a de novo basis. *In re Disciplinary Proceedings Against Norlin,* 104 Wis. 2d 117, 310 N.W.2d 789 (1981). The court also may impose whatever sanction it sees fit regardless of the referee's recommendation. *In re Dis-*

the supreme court upon a showing of cooperation with the investigation and compliance with the terms of suspension. The director or the special investigator shall file a response in support of or in opposition to the reinstatement within 20 days after the filing of an attorney's request for reinstatement. Upon a showing of good cause, the supreme court may extend the time for filing a response.

(5)(a) Except as provided in sub (b), the director shall provide the grievant a copy of the respondent's response to the grievance and the opportunity to comment in writing on the respondent's response.

(b) In limited circumstances when good cause is shown, the director may provide the grievant a summary of the respondent's response prepared by the investigator in place of a copy of the response.

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

(7) The duty of the respondent to cooperate with the investigation does not affect the respondent's privilege against self-incrimination, but the privilege may be asserted only in respect to matters that may subject the respondent to criminal liability.

(8) The director, or a special investigator acting under SCR 22.25, may subpoena the respondent and others and compel any person to produce pertinent books, papers, and documents. The director, or a special investigator acting under SCR 22.25, may obtain expert assistance in the course of an investigation.

*ciplinary Proceedings Against Widule,* 2003 WI 34, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 6. This case concerns Attorney Ray's representation of a divorce client. She and her client entered into a written agreement under which he would pay her a flat fee of $5000 for representation through entry of the judgment of divorce.

¶ 7. Per the agreement, Attorney Ray began representing the client in January 2002. Most of her efforts thereafter were devoted to an attempt to free the client from a default judgment for which she was not responsible. However, the client was still entitled to proceed to trial but only on financial matters arising out of the divorce.

¶ 8. In mid-April Attorney Ray sought to withdraw from representing the client. She apparently had become aware of financial matters concerning the client that were contrary to representations he had made to her. The client apparently did not object to Attorney Ray withdrawing and she indicated she would assist him in finding new counsel. She also told the client she would refund $4000 of the retainer.

¶ 9. The two were not immediately successful in obtaining new counsel and that required Ray to continue to represent him as necessary. By early May the client had new counsel and that ended Attorney Ray's representation. She agreed to facilitate the change in counsel but now refused to refund any of the retainer. This led the client to submit a grievance to the OLR.

¶ 10. The OLR sent letters to Ray in July and August 2002 requesting a response but she did not respond. She was also asked to attend a district committee meeting a few months later but did not attend.

¶ 11. The OLR alleged in count one that the original fee arrangement was unreasonable. However,

657

the referee found that the OLR offered no evidence proving that Attorney Ray charged more than other attorneys would have charged for the same services. Rather, the OLR had conceded that the $5000 was unreasonable only because it was intended to cover for services through entry of judgment and Attorney Ray did not provide services for that period.

¶ 12. Accordingly, the referee concluded, as a matter of law, that the OLR had not met its burden of proof on count one since there was nothing inherently unreasonable about the fee.

■■

¶ 13. We do not find the referee's findings of fact to be clearly erroneous. We further agree with the referee's conclusion that there was no violation of SCR 20:1.5(a).

¶ 14. The OLR further alleged in count two that Attorney Ray improperly terminated her representation given that SCR 20:1.16(d) requires that an attorney refund any unearned advance payment of fee.

¶ 15. The referee found as a matter of fact that there had been no refund of the unearned fee and further concluded, as a matter of law, that the rule was violated.

¶ 16. With respect to the exact amount of the unearned fee, the referee concluded that Attorney Ray had spent at least 12.5 total hours in representing the client and, at a reasonable rate of $200 per hour, the value of her services was $2500. The referee therefore concluded that the remaining $2500 should be refunded to the client.

■■

¶ 17. The referee's findings of fact with respect to this count are not clearly erroneous. Given the evidence

658

presented at the hearing, the establishment of $2500 as the unearned fee is reasonable. We further agree with the referee that there was, as a matter of law, a violation of SCR 20:1.16(d).

¶ 18. The OLR further alleged in count three that Attorney Ray failed to cooperate with the investigation of the grievance. Given that she admitted her lack of cooperation, the referee found and concluded that a violation of SCR 21.15(4) and SCR 22.03 had occurred.

¶ 19. The OLR had asked that the referee recommend a nine-month suspension, restitution of $4000 to the client, and payment of the costs of the disciplinary proceeding. It contended that progressive discipline was required given that Attorney Ray previously had been suspended, thereby demonstrating a pattern of misconduct particularly with respect to failing to cooperate with the OLR.

¶ 20. The referee concluded that a nine-month suspension "is too much and verges on the punitive, rather than the rehabilitative." The referee therefore recommended a five-month suspension along with restitution of $2500 and payment of the costs.

¶ 21. We agree that restitution and payment of costs is an appropriate part of the sanction to be imposed in this case. However, we believe that a five-month suspension is insufficient and that the period of suspension should be six months.

¶ 22. Prior disciplinary cases have frequently followed a progressive discipline scheme. *See e.g., In re Disciplinary Proceedings Against Louderman,* 230 Wis. 2d 200, 601 N.W.2d 625 (1999) (public reprimand follows three private reprimands). Given that this is Attorney Ray's second disciplinary matter, a suspension

in excess of the previous two-month suspension is clearly warranted. A six-month suspension will require Attorney Ray, pursuant to SCR 22.28(3),[6] to formally petition for reinstatement, rather than simply be reinstated upon the OLR's affirmation that she has complied with the conditions of the suspension order. Given her substantial recent disciplinary hearing, a full reinstatement proceeding under SCR 22.29[7] will serve to verify to the legal community and the public that

[6] SCR 22.28(3) provides: "(3) The license of an attorney that is revoked or suspended for misconduct for six months or more shall be reinstated pursuant to the procedure set forth in SCR 22.29 to 22.33 and only by order of the supreme court."

[7] SCR 22.29 provides: Petition for reinstatement.

(1) A petition for reinstatement of a license suspended for a definite period may be filed at any time commencing three months prior to the expiration of the suspension period.

(2) A petition for reinstatement of a license that is revoked may be filed at any time commencing five years after the effective date of revocation.

(3) A petition for reinstatement shall be filed in the supreme court. A copy of the petition shall be served on the director and on the board of bar examiners.

(3m) The petitioner shall file 9 copies of a petition for reinstatement.

(4) The petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

Attorney Ray can again be entrusted with the responsibilities that accompany the practice of law in this state. This will be in addition to any conditions she must yet satisfy to be relieved from the 2002 suspension.

¶ 23. IT IS ORDERED that the license of Attorney Virginia Rose Ray to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

---

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct or, if not, the petitioner's explanation of the failure or inability to do so.

(5) A petition for reinstatement shall be accompanied by an advance deposit in an amount to be set by the supreme court for payment of all or a portion of the costs of the reinstatement proceeding. The supreme court may extend the time for payment or waive payment in any case in which to do otherwise would result in hardship or injustice.

¶ 24. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Ray shall refund to the client involved in this matter the unearned retainer of $2500.

¶ 25. IT IS FURTHER ORDERED that Attorney Ray shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been suspended, to the extent she has not already done so arising out of the prior suspension.

¶ 26. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Ray shall pay to the OLR the costs of this proceeding in the amount of $4721.59.