In the Matter of Disciplinary Proceedings Against Kate A. Christnot, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Kate A. Christnot, Respondent.

Supreme Court

*No. 04–0481–D. Decided August 27, 2004.*

2004 WI 120

(Also reported in 685 N.W.2d 788.)

¶ 1. PER CURIAM. We review the referee's recommendation that Attorney Kate Christnot's license to practice law in Wisconsin be suspended for a period of six months for professional misconduct. The referee also recommended that the suspension be imposed retroactive to March 13, 2003, to coincide with the date she was temporarily suspended, that she be required to pay restitution to an injured client, and that she pay the costs of this proceeding. Attorney Christnot did not appeal the report and recommendation.

¶ 2. We adopt the referee's findings of fact and conclusions of law and agree that the seriousness of Attorney Christnot's professional misconduct warrants the suspension of her license to practice law in Wisconsin for a period of six months. We further agree that the suspension should be imposed retroactive to the date of her temporary suspension. We further agree that restitution and payment of costs is an appropriate part of the sanction to be imposed in this case.

¶ 3. Attorney Christnot was admitted to practice in Wisconsin in 1993. She currently practices in the Washington, D.C. area. Her license to practice law in Wisconsin was suspended on March 13, 2003, for failure to respond to or otherwise cooperate with this disciplinary investigation.

¶ 4. On February 16, 2004, the Office of Lawyer Regulation (OLR) filed a complaint against her alleging several counts of misconduct committed in connection with two client matters. She failed to answer the complaint and was served with a Notice of Default on April 5, 2004. She did not appear at the ensuing hearing; the default motion was granted on April 15, 2004.

¶ 5. The complaint alleged that in 1999 Attorney Christnot was retained to represent L.K. in a divorce proceeding. L.K. paid a $1500 retainer. At the final

290

divorce hearing in May 1999 L.K. was awarded a one-half interest in his former wife's retirement/pension plan. Attorney Christnot was directed to prepare a Qualified Domestic Relations Order (QDRO). She never prepared the QDRO and never refunded the unused portion of the retainer. L.K. attempted to contact Attorney Christnot by telephone some 20 times between September 1999 and September 2001. He tried to visit her at her office approximately four times, and also sent correspondence to her office, asking about the status of the matter. Attorney Christnot never responded to any of his efforts to communicate with her.

¶ 6. L.K. eventually filed a grievance in March 2002. It is undisputed that Attorney Christnot received notice of the grievance from the OLR, because she signed the certified mail receipt personally, but she failed to respond to the OLR's requests for information about the matter.

¶ 7. On March 13, 2003, this court temporarily suspended Attorney Christnot's license to practice law for her failure to cooperate with the OLR. Subsequent efforts by the OLR to contact her about the matter followed the same pattern.

¶ 8. The complaint eventually filed against Attorney Christnot alleged that by failing to timely prepare a QDRO on behalf of her client, Attorney Christnot failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.[1] In addition, by failing to respond to L.K.'s numerous efforts to contact her, Attorney Christnot failed to keep a client reasonably informed about the status of a matter and failed to promptly comply with reasonablerequests for information, in violation of

---

[1] SCR 20:1.3 provides: "Diligence. A lawyer shall act with reasonable diligence and promptness in representing a client."

SCR 20:1.4(a).[2] By failing to refund the unused portion of the retainer, she failed to take steps to the extent reasonably practicable to protect a client's interest, in violation of SCR 20:1.16(d).[3] And, by failing to respond to multiple requests for information from OLR staff and an OLR district committee investigator, Attorney Christnot failed to cooperate with an OLR investigation and with a district committee, in violation of SCR 21.15(4),[4] 22.03(2)[5] and 22.04(1).[6]

---

[2] SCR 20:1.4(a) provides: "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[3] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[4] SCR 21.15(4) provides:

(4) Every attorney shall cooperate with the office of lawyer regulation in the investigation, prosecution and disposition of grievances, complaints filed with or by the director, and petitions for reinstatement. An attorney's wilful failure to cooperate with the office of lawyer regulation constitutes violation of the rules of professional conduct for attorneys.

[5] SCR 22.03(2) provides:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[6] SCR 22.04(1) provides:

(1) The director may refer a matter to a district committee for assistance in the investigation. A respondent has the duty to

292

¶ 9. In addition, the complaint alleged that Attorney Christnot committed misconduct in her representation of another client, R.M. Attorney Christnot did not adequately respond to communications or requests for information from the OLR regarding the grievance filed by R.M. As such, the OLR charged that Attorney Christnot failed to cooperate with an OLR investigation and with the district committee, in violation of SCR 21.15(4), SCR 22.03(2) and SCR 22.04(1).

¶ 10. The matter was submitted to a referee and, on April 5, 2004, the OLR moved for a default judgment, attaching an e-mail message received from Attorney Christnot that indicated she did not intend to oppose the proceeding. Based on Attorney Christnot's nonappearance the referee granted the motion for default judgment and found that Attorney Christnot had committed each of the violations alleged in the complaint and described herein.

¶ 11. The referee recommended that Attorney Christnot's license to practice law in Wisconsin be suspended for a period of six months, retroactive to March 13, 2003, the date of her temporary suspension. The referee recommended further that she be required to pay restitution to L.K. in the amount of $699.75, plus interest at 5 percent per annum from June 1999 until paid, and that she be ordered to pay the costs of the disciplinary proceeding, which total $736.02.

¶ 12. We adopt the referee's report and recommendations. We agree that the seriousness of Attorney Christnot's misconduct with respect to her mishandling of these client matters warrants the retroactive suspension of her license to practice law in Wisconsin for a

cooperate specified in SCR 21.15(4) and 22.03(2) in respect to the district committee. The committee may subpoena and compel the production of documents specified in SCR 22.03(8) and 22.42.

period of six months. We further agree that restitution to the client, L.K., is warranted, and that Attorney Christnot should pay the costs of the disciplinary proceeding.

¶ 13. IT IS ORDERED that the license of Attorney Kate Christnot to practice law in Wisconsin is suspended for a period of six months, effective March 13, 2003, and until further order of this court;

¶ 14. IT IS FURTHER ORDERED that Attorney Kate Christnot shall comply, if she has not already done so, with the requirements of SCR 22.26 pertaining to activities following suspension;

¶ 15. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Christnot shall refund to the client involved in this matter the unearned retainer of $699.75, plus interest at a rate of 5 percent per annum from June 1999 until paid;

¶ 16. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Kate Christnot shall pay to the Office of Lawyer Regulation the costs of this proceeding; and

¶ 17. IT IS FURTHER ORDERED that if the restitution and costs are not paid within the time specified, and absent a showing to the court of an inability to pay the restitution and costs within this time, the license of Attorney Christnot to practice law shall remain suspended until further order of the court. *See In re Disciplinary Proceedings Against Gilbert* (holding that client shall be paid first), 2002 WI 102, ¶ 11, 255 Wis. 2d 311, 647 N.W.2d 845.

¶ 18. LOUIS B. BUTLER, JR., J., did not participate.