In the Matter of Disciplinary Proceedings Against
Arik J. Guenther, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Arik J. Guenther, Respondent.

Supreme Court

*No. 2008AP559-D. Decided March 24, 2009.*

2009 WI 25

(Also reported in 762 N.W.2d 371.)

¶ 1. PER CURIAM. We review the report and recommendation of the referee, Reserve Judge John B. Murphy. Based on a stipulation between the parties, the referee found that Attorney Arik Guenther had committed three violations of the Supreme Court Rules of Professional Conduct for Attorneys. As discipline for those violations, the referee recommended that Attorney Guenther's license to practice law in Wisconsin be suspended for a period of nine months, that he be required, as a condition of any reinstatement of his license, to pay restitution to a former client in the amount of $3,227.27, and that he pay the costs of this disciplinary proceeding.

¶ 2. After our independent consideration of the facts of this case and Attorney Guenther's prior disciplinary history,[1] we conclude that a nine-month suspension is an appropriate level of discipline. We agree with

---

[1] Neither party filed a notice of appeal from the referee's report and recommendation. Therefore, our review proceeds according to SCR 22.17(2), which provides as follows:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

the referee's recommendation that Attorney Guenther be required to pay restitution to his former client. We do not include a specific condition of reinstatement in our present decision, however, because SCRs 22.29(4m) and 22.31(1)(c) already require an attorney seeking reinstatement after a disciplinary suspension to prove that the attorney has made restitution to all persons injured by his professional misconduct or to explain the attorney's failure or inability to do so. Finally, we determine that Attorney Guenther should be required to pay the full costs of this disciplinary proceeding, which were $1,231.12, as of September 4, 2008.

¶ 3. Before turning to the facts underlying the present proceeding, we note that Attorney Guenther has been the subject of professional discipline on multiple occasions. He received private reprimands in 1989, 2001, and 2002. In general, although the conduct differed to some extent in those three reprimands, one can discern a general pattern that Attorney Guenther failed to act with reasonable diligence, failed to act competently, and failed to keep his clients reasonably informed about the status of their legal matters. *In re Disciplinary Proceedings Against Guenther*, 2005 WI 133, ¶ 5, 285 Wis. 2d 587, 700 N.W.2d 260.

¶ 4. In July 2005 this court suspended Attorney Guenther's license to practice law in this state for a period of eight months. *Id.*, ¶ 53. Attorney Guenther's misconduct warranting that suspension included, among other things, failing to keep a client reasonably informed, engaging in conduct involving dishonesty, deceit or misrepresentation, failing to provide an accurate accounting, failing to maintain trust account records, failing to produce trust account records during an OLR investigation, failing to hold a client's money in trust, and failing to supervise his secretary's conduct.

37

¶ 5. In 2007 Attorney Guenther received a consensual public reprimand for failing to refund an unearned fee after his representation had been terminated, failing to notify clients about his suspension in 2005, failing to communicate with his clients about their legal matters or to transfer their files upon request, and failing to cooperate with an investigation by the Office of Lawyer Regulation (OLR).

¶ 6. Attorney Guenther's license remains suspended as of the date of this decision. He filed petitions for reinstatement in 2006 and 2008, but both of those petitions were dismissed before a reinstatement hearing was held. *See* SCRs 22.30 and 22.31.

¶ 7. The current disciplinary proceeding arises out of Attorney Guenther's representation of client J.J. in 2003 and 2004, prior to his eight-month suspension. J.J. had obtained a divorce from her husband in 2002, but after the entry of the judgment of divorce there still remained some unresolved issues that required J.J. to seek legal assistance. She retained Attorney Guenther to pursue those issues. Attorney Guenther subsequently filed two motions that sought orders that would (1) modify the amount of maintenance, (2) require J.J.'s former husband to contribute to the payment of some debts, and (3) require the former husband to provide an accounting of some undivided personal property. The parties reached a stipulation on the maintenance issue, but were unable to resolve their differences on the other two issues.

¶ 8. The circuit court held a hearing on March 26, 2004. At the hearing Attorney Guenther appeared on behalf of J.J., and J.J.'s former husband appeared pro se. During the hearing, the circuit court directed Attorney Guenther to provide a list of the disputed personal property and the unresolved debts by April 15, 2004.

The court further required the former husband to submit a response to that list by May 15, 2004. The circuit court stated that if neither party requested a further hearing on the matter by June 1, 2004, the court would consider the matter closed and would take no further action on Attorney Guenther's motions.

¶ 9. Attorney Guenther never provided the court-ordered list to the former husband. Indeed, after the March 26, 2004, hearing, Attorney Guenther spoke to his client J.J. on only one occasion. He did not inform her that he was not still actively pursuing her interests. Thus, J.J.'s claims against her former husband were never litigated.

¶ 10. In July 2005 J.J. learned from a newspaper that Attorney Guenther's license to practice law had been suspended. Attorney Guenther had not notified her of his suspension. J.J. then contacted Attorney Guenther's office about obtaining her file, but received no response.

¶ 11. Attorney Guenther did not produce J.J.'s file until she had hired a new lawyer in January 2006 and that lawyer had requested the file. The new lawyer then filed a new motion to modify the divorce judgment to resolve the issues that Attorney Guenther had failed to pursue to completion, but the circuit court denied the motion. In a subsequent letter that is part of the record in this matter, J.J. stated that Attorney Guenther's failure to follow through had led her to "financial and emotional ruin," had prevented her son from buying into the family farming operation, and had ultimately led to the foreclosure of J.J.'s farm.

¶ 12. The referee did not include the facts in his report regarding Attorney Guenther's response to the OLR's investigation of J.J.'s grievance. The facts relating to the investigation were stipulated by the parties,

however, and we therefore include those undisputed facts in our decision. J.J. filed a grievance against Attorney Guenther that was referred to an OLR investigative committee. The committee's investigators scheduled three separate interview appointments with Attorney Guenther, but he failed to appear for each appointment. He asserted to the committee that his failures to appear had been due to health issues. The committee then requested that Attorney Guenther provide medical records and disclosure authorizations, but Attorney Guenther failed to comply.

¶ 13. Based on these stipulated facts and Attorney Guenther's admissions of professional misconduct, the referee concluded that Attorney Guenther had committed three violations of the Rules of Professional Conduct for Attorneys. First, by failing to act with diligence and promptness in providing the specified documents to his client's ex-husband, as ordered to do by the circuit court, Attorney Guenther violated SCR 20:1.3.[2] Second, the referee concluded that Attorney Guenther had violated former SCR 20:1.16(d),[3] by not informing his client that he would no longer be working on her matter

[2] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. *See* S. Ct. Order 04–07, 2007 WI 4, 293 Wis. 2d xv, 726 N.W.2d Ct.R-45 (eff. July 1, 2007); and S. Ct. Order 06–04, 2007 WI 48, 297 Wis. 2d xv, 730 N.W.2d Ct.R.-29 (eff. July 1, 2007). Because the conduct underlying this case arose prior to July 1, 2007, unless otherwise indicated, all references to the Wisconsin Supreme Court Rules will be to those in effect prior to July 1, 2007.

SCR 20:1.3 provides, "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] Former SCR 20:1.16(d) provided as follows:

and by failing to provide her file to her in a timely manner upon the termination of his representation. Finally, the referee determined that Attorney Guenther had failed to cooperate with the OLR's investigative committee, in violation of SCR 22.04(1).[4]

¶ 14. The stipulation between Attorney Guenther and the OLR did not extend to a joint request as to the level of sanction. The referee, therefore, gave the parties an opportunity to file memoranda setting forth their positions with regard to the level of discipline. Attorney Guenther failed to file any sanction memorandum.

¶ 15. The referee ultimately recommended that a nine-month suspension of Attorney Guenther's license to practice law in Wisconsin, as requested by the OLR, would be an appropriate level of discipline for Attorney Guenther's misconduct. The referee noted that Attorney Guenther's failure to follow through with J.J.'s representation fell far below the required professional standard and resulted in extreme hardship to the client, undermining both her confidence and the public's confidence in the legal profession. The referee was also persuaded by the fact that this was not an isolated

---

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[4] SCR 22.04(1) provides:

The director may refer a matter to a district committee for assistance in the investigation. A respondent has the duty to cooperate specified in SCR 21.15(4) and 22.03(2) in respect to the district committee. The committee may subpoena and compel the production of documents specified in SCR 22.03(8) and 22.42.

instance of misconduct. Although Attorney Guenther admitted his misconduct in this case and although he may have had some significant medical problems, the referee concluded that these facts did not mitigate the harm he had caused. Moreover, his admission of wrongdoing was of slight value since he had admitted misconduct in prior disciplinary proceedings, but then had proceeded to commit further violations of the rules. The referee stated that Attorney Guenther had "learned nothing from the past." He concluded that a nine-month suspension was "more than reasonable" under the circumstances.

¶ 16. In the parties' stipulation, Attorney Guenther agreed to pay restitution to J.J. in the amount of his fees attributable to her unresolved marital debt and farm equipment issues. The OLR estimated that amount to be $3,227.27. The referee agreed with this stipulated request and recommended that Attorney Guenther be ordered to pay restitution to J.J. in the amount of $3,227.27. The referee further recommended that full payment of this restitution amount should be a precondition to the reinstatement of Attorney Guenther's license to practice law in this state.

¶ 17. Finally, the referee recommended that Attorney Guenther be ordered to pay the costs of the disciplinary proceeding. The OLR subsequently filed a statement of costs, indicating that the costs of the proceeding, as of September 4, 2008, were $1,231.12.

¶ 18. When reviewing a referee's report and recommendation, we will affirm the referee's findings of fact unless they are clearly erroneous. *See In re Disciplinary Proceedings Against Inglimo*, 2007 WI 126, ¶ 5, 305 Wis. 2d 71, 740 N.W.2d 125. The referee's conclusions of law, however, are subject to de novo review. *See*

*In re Disciplinary Proceedings Against Carroll*, 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. Finally, we determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. *See In re Disciplinary Proceedings Against Widule*, 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 19. In the present case, after independently reviewing the matter, we determine that the referee's findings of fact are not clearly erroneous, and we therefore adopt them. We also conclude that the referee's conclusions of law regarding Attorney Guenther's three violations of the Rules of Professional Conduct for Attorneys are correct.

¶ 20. With respect to the appropriate level of discipline, we note that the OLR's sanction memorandum to the referee cited several cases that it believed supported its request for a nine-month suspension. Two of those cases appear similar to Attorney Guenther's situation and provide support for a nine-month suspension.

¶ 21. In the first case, *In re Disciplinary Proceedings Against Danielson*, 2006 WI 33, 290 Wis. 2d 12, 712 N.W.2d 671, Attorney Danielson had been retained to handle an insurance dispute and had received a modest retainer from the client. Attorney Danielson, however, failed to take any action on the matter, failed to respond to the client's inquiries, failed to refund the retainer, failed to notify the client of the administrative and temporary suspensions of her license to practice law, failed to submit a post-suspension affidavit as required under SCR 22.26, and failed to cooperate with the OLR's grievance investigation. For this misconduct,

this court suspended Attorney Danielson's license to practice law in Wisconsin for a period of six months.

¶ 22. The second case also involved an attorney's failure to follow through on a representation. *In re Disciplinary Proceedings Against Christnot*, 2004 WI 120, 275 Wis. 2d 289, 685 N.W.2d 788. Attorney Christnot represented a man in a divorce proceeding and was directed by the circuit court to prepare a Qualified Domestic Relations Order (QDRO) as a result of the divorce award. Attorney Christnot never prepared the QDRO, in violation of SCR 20:1.3, and never refunded the unused portion of the retainer she had received, in violation of former SCR 20:1.16(d). She also failed to respond to the client's repeated requests for information, in violation of former SCR 20:1.4(a), and failed to respond to the OLR's requests for information, in violation of SCRs 22.04, 21.15(4), and 22.03(2). In a separate investigation, Attorney Christnot again failed to respond to the OLR's requests for information. Like Attorney Danielson, Attorney Christnot received a six-month suspension and was ordered to refund to her client the unused portion of the retainer.

¶ 23. There are aggravating factors in this case that call for a slightly longer suspension for Attorney Guenther. Of greatest importance is the fact that this is the sixth time that Attorney Guenther will be the subject of professional discipline. *See, e.g., In re Disciplinary Proceedings Against Ray*, 2004 WI 45, ¶ 22, 270 Wis. 2d 651, 678 N.W.2d 246 (noting that this court has generally adhered to a system of progressive discipline). Although Attorney Guenther admitted his misconduct and entered into a stipulation to that effect, as the referee noted, he has made similar admissions in prior disciplinary proceedings, but then proceeded to commit further acts of misconduct. Moreover, there appears to

be a pattern by Attorney Guenther of failing to act with diligence and competence and of failing to keep his clients reasonably informed about the status of their legal matters. Attorney Guenther's misconduct, therefore, calls for a significant period of suspension. We conclude that a nine-month suspension will sufficiently impress upon Attorney Guenther the need to comply with the Rules of Professional Conduct for Attorneys and will adequately protect the public and the legal system. We note that in order to obtain reinstatement, Attorney Guenther will bear the burden of demonstrating by clear, satisfactory, and convincing evidence that, among other things, he has the moral character to practice law in this state, he has a proper understanding of the standards that are imposed upon members of the bar, and he will act in conformity with those standards. *See* SCRs 22.29(4) and 22.31(1).

¶ 24. We also agree with the referee's recommendation that Attorney Guenther should be required to pay restitution to J.J. in the amount of $3,227.27. Our order at the end of this decision, however, need not include language making payment of this restitution amount a precondition to the reinstatement of Attorney Guenther's license to practice law, as the referee recommended. This court's rules make clear that in order to obtain reinstatement, a suspended attorney petitioning for reinstatement must allege and prove that he or she has made restitution to or settled the claims of all persons injured or harmed by the attorney's misconduct. SCR 22.29(4m).

¶ 25. Finally, we determine that Attorney Guenther should be required to pay the full costs of this disciplinary proceeding. We note that Attorney Guenther did not file an objection to the OLR's statement of costs.

¶ 26. IT IS ORDERED that the license of Arik J. Guenther to practice law in Wisconsin is suspended for a period of nine months, effective as of the date of this order.

¶ 27. IT IS FURTHER ORDERED that within 60 days of the date of this order, Arik J. Guenther shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay those costs within that time, the license of Arik J. Guenther to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 28. IT IS FURTHER ORDERED that within 60 days of the date of this order, Arik J. Guenther shall pay restitution to client J.J. in the amount of $3,227.27. If restitution to J.J. is not paid within the time specified and absent a showing to this court of his inability to pay the restitution amount within that time, the license of Arik J. Guenther to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 29. IT IS FURTHER ORDERED that restitution to client J.J. is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶ 30. IT IS FURTHER ORDERED that to the extent he has not already done so, Arik J. Guenther shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.