In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Ty Christopher WILLIHNGANZ, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Ty Christopher WILLIHNGANZ, Respondent.

Supreme Court

*No. 03–2161–D. Decided March 26, 2004.*

2004 WI 31

(Also reported in 676 N.W.2d 473.)

¶ 1. PER CURIAM.   We review the recommendation of the referee that Attorney Ty Christopher Willihnganz be publicly reprimanded for professional misconduct. That misconduct consisted of failing to abide by a client's decision concerning the objectives of representation, failing to consult with the client as to means by which such objectives are to be pursued, and failing to abide by the client's decision, after consultation, as to a plea to be entered, in violation of SCR 20:1.2(a).   Also, the misconduct consisted of Willihnganz's willful failure to provide relevant information, to answer questions fully, or to furnish documents to the Office of Lawyer Regulation (OLR) during the course of an investigation into misconduct allegations, in violation of SCR 21.15(4), SCR 22.03(2), SCR 22.03(6), and SCR 22.04(1). Neither Attorney Willihnganz nor the OLR has appealed from the referee's findings of fact, conclusions of law, and recommended discipline.

¶ 2. We conclude that Ty Christopher Willihnganz's professional misconduct warrants a public reprimand for his violation of various supreme court rules. We also agree with the referee's recommendation that Willihnganz be required to pay the costs of this disciplinary proceeding totaling $1207.92.

¶ 3.   Ty Christopher Willihnganz was admitted to practice law in Wisconsin on April 11, 1996. His license to practice law was suspended on June 6, 2001, for noncompliance with Continuing Legal Education (CLE) reporting requirements. His license remains suspended.

¶ 4. On August 15, 2003, the OLR filed a complaint in this court alleging two counts of violation of the rules of professional responsibility by Willihnganz. Willihnganz subsequently filed an untimely answer to the complaint and Attorney John A. Fiorenza was appointed as referee in this matter. Subsequently, Referee Fiorenza granted the OLR's motion for a default judgment based on Willihnganz's failure to respond to the referee's request for a pretrial conference and Willihnganz's failure to appear at the scheduled pretrial conference. Referee Fiorenza noted that the correspondence to Willihnganz had been returned indicating that he has moved and left no forwarding address. Referee Fiorenza, on December 19, 2003, filed his report and recommendation in this disciplinary action.

¶ 5. The two counts of professional misconduct alleged in the OLR complaint briefly summarized are these:

## CLIENT G.H.B.

¶ 6. G.H.B. retained Attorney Charles J. Hertel, a partner in the law firm in which Willihnganz was then an associate. G.H.B. retained Attorney Hertel to represent him on an August 20, 1998, municipal ordinance citation for trespassing. Attorney Hertel entered a plea of not guilty on G.H.B.'s behalf.

¶ 7. On September 15, 1998, G.H.B. executed an authorization form which allowed the law firm to appear on G.H.B.'s behalf in the trespass matter without G.H.B. being present. Attorney Hertel informed G.H.B., in correspondence dated September 11, 1998, which enclosed the "Written Authorization to Appear" as follows: "You should be advised that we will take no action unless it is first authorized by you."

¶ 8. Trial in the trespass matter was scheduled for October 29, 1998; however, because Attorney Hertel was unavailable on that date, the case was assigned to Willihnganz. G.H.B. was not given written notice of the October 29, 1998, trial date.

¶ 9. Subsequently, Attorney Hertel instructed Willihnganz to contact G.H.B. to prepare for trial and to contest the trespass charges. On October 28, 1998, Hertel again instructed Willihnganz to contest the charges pending against G.H.B. On October 29, 1998, the scheduled trial date, Willihnganz appeared in court on G.H.B.'s behalf; G.H.B. was not present. Willihnganz entered a no contest plea on G.H.B.'s behalf; G.H.B. was found guilty and a forfeiture of $147.50 was assessed against him in the trespass matter.

¶ 10. Subsequently, Attorney Hertel asked Willihnganz about what had occurred at that court hearing. Willihnganz informed Attorney Hertel that G.H.B. had not appeared and as a consequence, he had been found guilty.

¶ 11. Attorney Hertel asked Willihnganz whether he had been in contact with G.H.B. Willihnganz responded that he had left a number of telephone messages for G.H.B., but the client had not returned the calls. G.H.B. was not given written notice by Willihnganz of the disposition in his trespass matter.

¶ 12. G.H.B. remained unaware of the forfeiture and subsequently, his driver's license was suspended for nonpayment of it. G.H.B. thereafter paid the forfeiture, plus a fee, to get his driver's license reinstated.

¶ 13. Willihnganz left the Hertel firm and accepted employment with a law firm in Brookfield, Wisconsin. Willihnganz's employment with the Brookfield firm, however, ended after his license to practice

law in this state was suspended on June 6, 2001, for his failure to comply with mandatory CLE requirements.

¶ 14. By letter dated February 13, 2002, the OLR staff informed Willihnganz of a grievance inquiry concerning the G.H.B. matter. The OLR requested his written response by March 8, 2002, but Willihnganz failed to respond by that date. On March 11, 2002, the OLR staff sent a follow-up letter to Willihnganz by certified and first-class mail requesting a response by March 21, 2002. Willihnganz signed the certified mail receipt on March 12, 2002, but failed to respond as requested by March 21, 2002.

¶ 15. Subsequently, on May 14, 2002, the OLR staff forwarded Willihnganz's file to OLR's district committee for investigation. On June 25, 2002, the OLR staff received a response from Willihnganz dated June 10, 2002, which was forwarded to the district committee. In that correspondence Willihnganz stated that he had no relevant information to add to the matter and he had no recollection at all of the representation he had provided for G.H.B.

¶ 16. The OLR district committee investigator, despite writing to Willihnganz and leaving a phone message, and, later conducting an internet search in an attempt to locate Willihnganz, never heard from Willihnganz regarding this matter.

## COUNT ONE

¶ 17. The OLR complaint alleged and the referee determined that by changing his client's plea from not guilty to no contest without the client's knowledge or consent, which resulted in the client being found guilty of trespass, Willihnganz had failed to abide by a client's decision concerning the objectives of representation,

233

had failed to consult with a client as to means by which the objectives were to be pursued, and had failed to abide by the client's decision, after consultation with the lawyer, as to the plea to be entered, in violation of SCR 20:1.2(a).

## COUNT TWO

¶ 18. The OLR complaint further alleged and the referee also determined that by failing to provide a timely response to the OLR staff concerning the G.H.B. grievance and by failing to respond to requests for information from the OLR's district committee investigator, Willihnganz had willfully failed to provide relevant information, to answer questions fully, or to furnish documents to the OLR during the course of the investigation, in violation of SCR 21.15(4), SCR 22.03(2), SCR 22.03(6), and SCR 22.04(1).

¶ 19. After concluding that Willihnganz had engaged in the misconduct as alleged in the complaint, the referee recommended that Willihnganz be publicly reprimanded for his misconduct.

¶ 20. We adopt the referee's findings of fact and conclusions of law and determine that Willihnganz's misconduct as established in this proceeding warrants a public reprimand.

¶ 21. IT IS ORDERED that Attorney Ty Christopher Willihnganz is publicly reprimanded for his professional misconduct.

¶ 22. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Ty Christopher Willihnganz pay to the Office of Lawyer Regulation the costs and fees incurred in this proceeding totaling $1207.92.