In the Matter of Disciplinary Proceedings Against
Joe E. Kremkoski, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Joe E. Kremkoski, Respondent.

Supreme Court

*No. 2005AP2565–D. Decided June 2, 2006.*

2006 WI 59

(Also reported in 715 N.W.2d 594.)

¶ 1. PER CURIAM. We review the referee's report, findings of fact, and conclusions of law, based on the parties' stipulation that Attorney Kremkoski committed professional misconduct with respect to his handling of two client matters. The referee recommended that a public reprimand be issued as a sanction for this misconduct. After reviewing the parties' responses to this court's order to show cause why the discipline imposed should not be a suspension rather than a public reprimand, we accept the referee's recommendation that a public reprimand is appropriate.

¶ 2. Attorney Kremkoski was admitted to practice law in Wisconsin in 1976 and practices in Racine. In 1997 he received a consensual private reprimand for failing to file a complaint when he knew the statute of limitations would soon expire; failing to inform the client that the statute of limitations had expired; and making repeated misrepresentations about receiving a

$100 payment from the client. In 2004 Attorney Kremkoski was publicly reprimanded for misconduct consisting of representing another person in the same or substantially related matter in which that person's interests were materially adverse to the interests of the former client without obtaining the former client's consent in writing after consultation; failing to hold in trust, separate from his own property, an advance fee; failing to return any unearned portion of a client's advance fee; failing to act with reasonable diligence and promptness in representing a client; and failing to comply with a client's reasonable requests for information concerning the status of a case. *See In re Disciplinary Proceedings Against Kremkoski,* 2004 WI 150, 277 Wis. 2d 83, 690 N.W.2d 430.

¶ 3. On October 14, 2005, the Office of Lawyer Regulation (OLR) filed a complaint alleging four counts of misconduct with respect to two client matters. The first client matter detailed in the OLR's complaint involved Attorney Kremkoski's representation of S.S. S.S. sued his employer for restitution regarding monetary damages S.S. agreed to pay as a result of an automobile accident, while driving a vehicle owned by the employer, which S.S. subsequently learned was not licensed, registered or insured. S.S. paid Attorney Kremkoski a $500 retainer. Attorney Kremkoski did not file suit on S.S.'s behalf until seven months later. Attorney Kremkoski failed to send the summons and complaint out for service, and he failed to inform S.S. that he did not obtain service on the defendants.

¶ 4. On several occasions S.S. and his parents tried to contact Attorney Kremkoski about the status of the lawsuit. Attorney Kremkoski failed to return their calls.

¶ 5. On August 11, 2003, the circuit court issued an order noting that service on the defendants had not been made within the statutory time period and that the case would be dismissed within 20 days unless good cause was shown why the order should not take effect.

¶ 6. S.S.'s parents informed Attorney Kremkoski of the court's order after searching the Wisconsin Circuit Court Access (WCCA) Web site for information about the status of the case. S.S.'s parents located a process server and served the defendants well after the 90–day period specified by statute.

¶ 7. On October 24, 2003, the circuit court granted the defendants' motion to dismiss without prejudice, because service had not been accomplished within the statutory period and because the matter had not been diligently prosecuted. Attorney Kremkoski appeared at the hearing but failed to notify S.S. of the dismissal of the case.

¶ 8. Attorney Kremkoski indicated he would re-draft the pleadings and refile the case, but the case was not refiled and Attorney Kremkoski never spoke with S.S. or his parents again. On February 2, 2004, S.S. terminated Attorney Kremkoski's representation.

¶ 9. The OLR's complaint alleged the following counts of misconduct with respect to Attorney Kremkoski's handling of the S.S. matter:

COUNT ONE—By failing to file the lawsuit for seven months after he was retained, and by failing to serve the defendants, resulting in a dismissal of the suit, Kremkoski failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.[1]

---

[1] SCR 20:1.3 states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

4

COUNT TWO—By failing to inform S.S. that his lawsuit was dismissed due to Kremkoski's failure to timely serve the defendants and by failing to respond to the S.S.' telephone calls, Kremkoski failed to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a).[2]

¶ 10. The other client matter detailed in the OLR's complaint involved Attorney Kremkoski's representation of S.A., who retained Attorney Kremkoski in November 2000 to represent him on a charge of disorderly conduct that resulted from an altercation with J.V. S.A. pled guilty to the charge.

¶ 11. On May 10, 2002, J.V. filed a civil lawsuit against S.A. due to alleged injuries from the altercation. S.A. retained Attorney Kremkoski to represent him in the lawsuit. One of the issues in the case was whether J.V. had a pre-existing medical condition.

¶ 12. On June 14, 2002, S.A. paid Attorney Kremkoski a $500 retainer. On March 17, 2003, S.A. paid Attorney Kremkoski an additional $500.

¶ 13. On June 20, 2002, Attorney Kremkoski filed an answer and affirmative defenses on S.A.'s behalf. He also served J.V.'s attorney with interrogatories. Due to J.V.'s failure to answer the interrogatories, Attorney Kremkoski filed a motion to compel production on September 30, 2002. Attorney Kremkoski withdrew the motion when J.V. agreed to produce the responses by the end of that day.

---

[2] SCR 20:1.4(a) states that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

¶ 14. On October 3, 2002, J.V., through his attorney, served Attorney Kremkoski with interrogatories. Attorney Kremkoski failed to answer them.

¶ 15. On November 27, 2002, J.V.'s attorney designated expert witnesses, provided proof of permanency and itemized J.V.'s special damages. Attorney Kremkoski failed to depose any of J.V.'s experts, did not obtain an independent medical examination of J.V., and did not obtain certified medical records from the medical providers to substantiate whether J.V. had a pre-existing medical condition.

¶ 16. On January 21, 2003, J.V.'s attorney filed a motion to compel production of S.A.'s responses to interrogatories. On January 23, 2003, J.V.'s attorney noticed the deposition of J.V.'s treating physician for February 19, 2003. Attorney Kremkoski did not attend the deposition despite a summary prepared by the treating physician on October 18, 2002, indicating that J.V. initially sought treatment from the doctor on June 13, 2002, and told him the pain began without any antecedent events. The physician noted it was not until a later visit that J.V. related his recurrence of back pain to the altercation with S.A.

¶ 17. On February 3, 2003, the circuit court issued an order requiring S.A. to produce answers to the interrogatories and requests for production of documents. The court also ordered S.A. to appear for a deposition at J.V.'s attorney's office.

¶ 18. On February 6, 2003, Attorney Kremkoski faxed answers to the interrogatories to J.V.'s attorney. Attorney Kremkoski informed J.V.'s counsel that, due to a prior commitment, he would not be appearing at the deposition with his client.

¶ 19. S.A. appeared at the deposition without counsel and refused to answer any questions. The depo-

sition was rescheduled and Attorney Kremkoski appeared at the deposition with S.A.

¶ 20. Although the scheduling order required S.A. to designate expert witnesses by January 30, 2003, on February 26, 2003, Attorney Kremkoski wrote to J.V.'s counsel indicating he might call two expert witnesses at the hearing. Attorney Kremkoski also reported that he had obtained a new trial date of April 15, 2003. The trial had previously been scheduled for March 4, 2003. On March 7, 2003, Attorney Kremkoski forwarded notice of the new trial date to S.A. with a note saying, "Please note new date. Come see me. We need to work on this."

¶ 21. On April 9, 2003, the circuit court adjourned the trial to June 10. Attorney Kremkoski sent the notice of the adjournment to S.A. with a note saying, "Just got this in the mail. We will be the #1 trial that day."

¶ 22. Beginning April 1, 2003, S.A. and/or his wife called Attorney Kremkoski 10 to 15 times requesting information about the status of the lawsuit. S.A. also stopped at Attorney Kremkoski's office and told him he wanted to meet to go over the status of the case. Attorney Kremkoski admits that he failed to speak to or meet with S.A. in the weeks prior to the trial.

¶ 23. On June 5, 2003, Attorney Kremkoski wrote to S.A. reminding him that the trial was the following week. S.A. received the letter on June 7 and said that before receiving the letter he was unaware of the trial date.

¶ 24. Attorney Kremkoski did not speak with S.A. about the trial until June 9, 2003. On that date, at S.A.'s request, Attorney Kremkoski faxed a request for an adjournment of the trial. At a hearing on the request S.A. expressed his desire to terminate Attorney Kremkoski's representation. The circuit court allowed

7

Attorney Kremkoski to withdraw and gave S.A. the choice to proceed with the trial or pay $2500 to opposing counsel for expenses in preparing for trial. S.A. reluctantly elected to pay the $2500 and hired new counsel to represent him in the lawsuit.

¶ 25. S.A. filed a small claims action against Attorney Kremkoski to recover the $2500 payment as well as the $1000 in legal fees he had paid to Attorney Kremkoski. Attorney Kremkoski counterclaimed seeking $1343.75 in additional fees. After a court trial in February 2004 S.A. was awarded a judgment against Attorney Kremkoski in the amount of $2607. Attorney Kremkoski satisfied the judgment in March 2004.

¶ 26. The OLR's complaint alleged the following counts of misconduct with respect to Attorney Kremkoski's handling of S.A.'s case:

> COUNT THREE—By performing inadequate preparation for the lawsuit, by failing to conduct any depositions, by failing to attend the deposition of the plaintiff's expert witness, by failing to obtain certified medical records related to the plaintiff's pre-existing condition, by failing to arrange an independent medical examination of the plaintiff, by failing to subpoena any witnesses for trial, and by failing to meet with his client to prepare for trial, Kremkoski failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.

> COUNT FOUR—By failing to respond to S.A.'s telephone calls seeking information about the lawsuit, and by failing to meet with S.A. as he requested, Kremkoski failed to keep a client reasonably informed about the status of a matter and comply with reasonable requests for information, in violation of SCR 20:1.4(a).

¶ 27. On November 23, 2005, Attorney Kremkoski filed an answer admitting all of the allegations of

the OLR's complaint. Attorney Kathleen Callan Brady was appointed referee in the matter. Attorney Kremkoski and the OLR subsequently entered into a stipulation for the imposition of a public reprimand. The stipulation stated that Attorney Kremkoski was aware of his right to be represented by counsel; that no promises were made concerning future discipline or lenience in the matter; that he understood the nature and consequences of the case and entered into the stipulation voluntarily and of his own free will.

¶ 28. The referee issued her report on January 20, 2006, and agreed that a public reprimand was the appropriate sanction for Attorney Kremkoski's admitted misconduct.

¶ 29. This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. The referee's findings of fact are not clearly erroneous and we adopt them. We also agree with the referee's conclusions of law.

¶ 30. On March 16, 2006, this court ordered the parties to show cause why the discipline in the proceedings should not be a suspension rather than a public reprimand. Attorney Kremkoski did not file a response. The OLR responded by saying that Attorney Kremkoski's misconduct in this case occurred soon after or in the midst of the prior disciplinary proceeding that resulted in the 2004 public reprimand and in both cases he was retained by the clients in 2002.

¶ 31. The OLR said it did not consider Attorney Kremkoski's prior public reprimand to be significantly aggravating when weighing its sanction recommendation and that it believed that due to the timing of the underlying misconduct a progressively more severe sanction need not be sought. The OLR further noted that its investigation had revealed that Attorney Kremkoski ran his office " 'on a shoestring,' lacking office support or a reliable system for tracking deadlines." It also pointed out there was no monetary harm given that in the S.S. case the lawsuit was dismissed without prejudice and in the S.A. case, although the client did have to pay a sanction, Attorney Kremkoski reimbursed the client. The OLR also noted that Attorney Kremkoski was fully cooperative during the course of the disciplinary proceeding.

█

¶ 32. While this court generally adheres to the practice of progressive discipline, after careful review of the record and the OLR's response to the order to show cause, we conclude that a public reprimand is an appropriate sanction for Attorney Kremkoski's admitted misconduct.

¶ 33. IT IS ORDERED that Joe E. Kremkoski is publicly reprimanded for professional misconduct.