# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP2676-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Ty Christopher Willihnganz, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>        Complainant-Respondent, <br>    v. <br> Ty Christopher Willihnganz, <br>        Respondent-Appellant. |

### DISCIPLINARY PROCEEDINGS AGAINST WILLIHNGANZ

| | |
|---|---|
| OPINION FILED: | January 31, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | ABRAHAMSON, J. concurs (Opinion filed). |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2015AP2676-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Ty Christopher Willihnganz, Attorney at Law:**

**Office of Lawyer Regulation,**

      Complainant,

  v.

**Ty Christopher Willihnganz,**

      Respondent.

**FILED**

**JAN 31, 2017**

Diane M. Fremgen
Clerk of Supreme Court

---

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. We review the report of Referee Robert E. Kinney who concluded that Attorney Ty Christopher Willihnganz's professional misconduct warrants a public reprimand and recommends that we require him to pay the full costs of this disciplinary proceeding.

¶2 No appeal has been filed from the referee's report and recommendation so we review the matter pursuant to Supreme Court

Rule (SCR) 22.17(2).[1]  After considering the referee's report, the parties' stipulation, and the record in this matter, we agree that Attorney Willihnganz engaged in some, but not all, of the acts of professional misconduct alleged in the Office of Lawyer Regulation's (OLR) complaint.  We agree that a public reprimand is appropriate and we require Attorney Willihnganz to pay the full costs of this proceeding, which were $5,028.97 as of October 6, 2016.

¶3  Attorney Willihnganz was admitted to practice law in Wisconsin on April 11, 1996.  In 2001, his license was administratively suspended for failure to comply with continuing legal education (CLE) requirements.  In 2004, he received a public reprimand for failing to abide by a client's decision concerning the objectives of representation and failing to consult with the client in violation of SCR 20:1.2(a),[2] and for

---

[1] SCR 22.17(2) provides:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline.  The court, on its own motion, may order the parties to file briefs in the matter.

[2] SCR 20:1.2(a) provides:

Subject to pars. (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by SCR 20:1.4, shall consult with the client as to the means by which they are to be pursued.  A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation.  A lawyer shall abide by
(continued)

2

failure to cooperate with the OLR's investigation into the matter. *In re Disciplinary Proceedings Against Willihnganz*, 2004 WI 31, 270 Wis. 2d 229, 676 N.W.2d 473. His law license was reinstated in June 2007. In 2008, this court imposed a private reprimand on Attorney Willihnganz for practicing law during the administrative suspension for non-compliance with CLE requirements. *In re Disciplinary Proceedings Against Willihnganz*, No. 2008AP180, unpublished order (S. Ct. July 28, 2008).

¶4 This proceeding arises from Attorney Willihnganz's professional involvement with a Green Bay businessman and family friend, R.V.

¶5 In approximately 2010, Attorney Willihnganz, who had taken a break from the practice of law to pursue other career interests, returned to Green Bay and the practice of law. He negotiated an agreement with R.V., whereby R.V. agreed to provide Attorney Willihnganz with office space for his legal practice and to pay his State Bar of Wisconsin bar dues and CLE expenses in exchange for Attorney Willihnganz providing certain legal services to R.V. and his new energy startup, Green Box.

---

a client's decision whether to settle a matter. In a criminal case or any proceeding that could result in deprivation of liberty, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

3

¶6 The working arrangement proved stressful and Attorney Willihnganz described it as a "pretty desperate time" when, in March of 2013, an individual who had invested $600,000 in Green Box filed a lawsuit in Brown County circuit court against R.V. and Green Box, alleging that his investment was obtained by fraudulent misrepresentation. Attorney Willihnganz's brief representation of R.V. and Green Box during his administrative license suspension gave rise to this disciplinary proceeding.

¶7 On December 30, 2015, the OLR filed a formal disciplinary complaint against Attorney Willihnganz seeking a 60-day suspension of his license to practice law. First, it alleged that Attorney Willihnganz violated SCR 20:1.16(d)[3] by failing to take steps to protect the interests of R.V. and Green Box upon the termination of his representation of them. Second, it alleged that Attorney Willihnganz violated SCR 22.26(1)(c)[4] by

---

[3] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[4] SCR 22.26(1)(c) provides:

On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following . . .. Promptly provide written notification to the court or

(continued)

4

failing to promptly provide written notification to the court and opposing counsel of a June 4, 2013, law license suspension. Third, it alleged that Attorney Willihnganz violated SCR 31.10(1)[5] and 22.26(2)[6] by practicing law after his law

administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

[5] SCR 31.10(1) provides:

If a lawyer fails to comply with the attendance requirement of SCR 31.02, fails to comply with the reporting requirement of SCR 31.03(1), or fails to pay the late fee under SCR 31.03(2), the board shall serve a notice of noncompliance on the lawyer. This notice shall advise the lawyer that the lawyer's state bar membership shall be automatically suspended for failing to file evidence of compliance or to pay the late fee within 60 days after service of the notice. The board shall certify the names of all lawyers so suspended under this rule to the clerk of the supreme court, all supreme court justices, all court of appeals and circuit court judges, all circuit court commissioners appointed under SCR 75.02(1) in this state, all circuit court clerks, all juvenile court clerks, all registers in probate, the executive director of the state bar of Wisconsin, the Wisconsin State Public Defender's Office, and the clerks of the federal district courts in Wisconsin. A lawyer shall not engage in the practice of law in Wisconsin while his or her state bar membership is suspended under this rule.

[6] SCR 22.26(2) provides:

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of

(continued)

5

license was suspended. Fourth and finally, it alleged that Attorney Willihnganz violated SCR 20:8.4(c)[7] by giving false testimony in a deposition.

¶8 The Honorable Robert E. Kinney was appointed as referee. The OLR filed a motion for summary judgment. At a July 2016 telephonic hearing on the OLR's motion, Attorney Willihnganz admitted to count one of the complaint. The parties indicated that a comprehensive stipulation of facts would follow.

¶9 Referee Kinney accepted Attorney Willihnganz's admission to count one of the complaint, found that the complaint alleged sufficient facts to support the misconduct charge, and concluded that Attorney Willihnganz committed the misconduct alleged in count one. The parties reserved the right to argue whether the stipulated facts substantiated the remaining allegations of misconduct and the appropriate sanction.

¶10 The referee conducted a hearing on August 15, 2016. At the hearing, the parties submitted a comprehensive

---

law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[7] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

stipulation of facts, whereby Attorney Willihnganz reiterated his admission to the misconduct alleged in count one of the complaint and agreed that the referee could use the stipulated facts to determine whether Attorney Willihnganz committed the misconduct alleged in counts two through four of the complaint. Attorney Willihnganz testified at the evidentiary hearing.

¶11 The parties' stipulation and the testimony from the evidentiary hearing focused on events between March 2013 and January 2014.

¶12 In March 2013, M.A. filed a complaint in Brown County circuit court against R.V. and Green Box alleging that R.V. used misrepresentations and false promises to induce M.A. to invest $600,000 in Green Box. Attorney Willihnganz filed an Answer on behalf of the defendants. Discovery commenced.

¶13 On June 4, 2013, Attorney Willihnganz's law license was administratively suspended for failure to comply with 2011-2012 CLE requirements. Attorney Willihnganz told R.V. about the suspension and urged him to retain new counsel, but did not promptly provide formal written notification to the court or to opposing counsel.

¶14 In a June 5, 2013, letter to opposing counsel, Attorney Willihnganz sent some undated discovery answers, stating: "Attached are the answers to Plaintiffs First Set of Interrogatories. I will provide you with a signed version as soon as [R.V.] returns to town."

¶15 In a June 27, 2013 letter, opposing counsel responded, informing Attorney Willihnganz that the defendants' discovery

7

responses were deficient and reminding him that defendants had failed to respond to a document request. A July 12, 2013, letter from opposing counsel reiterated these issues.

¶16 Attorney Willihnganz did not inform R.V. of this correspondence. A motion to compel ensued; Attorney Willihnganz received notice of a September 20, 2013 scheduling conference.

¶17 On August 13, 2013, Attorney Willihnganz filed a motion to withdraw as counsel. A hearing on the withdrawal motion was scheduled for September 30, 2013.

¶18 On September 20, 2013, Attorney Willihnganz appeared on behalf of R.V. and Green Box for the telephonic scheduling conference on the scheduling conference. During the conference, Attorney Willihnganz stated that he was not intending to withdraw his motion, and the scheduling conference proceeded. Attorney Willihnganz did not inform the court, the clerk, or opposing counsel that his license was administratively suspended.

¶19 On September 30, 2013, opposing counsel appeared at the scheduled hearing on Attorney Willihnganz's motion to withdraw as counsel. Attorney Willihnganz did not appear.

¶20 On October 4, 2013, the circuit court granted the plaintiff's motion to compel and ordered R.V. and Green Box to produce the requested documents and to serve responses to the Interrogatories on or before November 1, 2013.

¶21 On or about November 1, 2013, another administrative suspension was imposed on Attorney Willihnganz's law license for failure to pay State Bar of Wisconsin dues and failure to

8

certify compliance with trust account recordkeeping requirements.

¶22 On November 5, 2013, with discovery still not forthcoming, plaintiff's counsel moved to strike the defendants' answer and sought a default judgment.

¶23 On January 2, 2014, a new lawyer filed a notice of appearance on behalf of Green Box. On January 21, 2014, another attorney filed a notice of appearance on behalf of R.V.

¶24 In a January 22, 2014 deposition in the Green Box litigation, Attorney Willihnganz was asked the following questions and gave the following answers:

Q. Did you tell him ([R.V.]) why it was you participated in the scheduling conference when you didn't have a license to practice law?

A. Yes, I just said, you know, I felt uncomfortable about it; but since I took the call, I just went through with it.

Q. So did you tell him even though you did that you can't represent him, he needs to get some other lawyer?

A. I don't remember if I specifically said that. Again, I thought it was understood that since I did not have a license I was not the lawyer.

. . .

Q. I looked you up on the State Bar of Wisconsin website, and it indicated that you're currently suspended?

A. That is correct.

Q. And if I recall correctly, you have been subjected to discipline by the Supreme Court on at least one occasion?

9

A. Yes.

Q. And when was that?

A. That was 2004, I believe.

¶25 After testifying to the facts of his 2004 discipline, Attorney Willihnganz was asked the following question and gave the following answer:

Q. Is that the only time you have been disciplined by the Supreme Court?

A. Yes.

Attorney Willihnganz did not disclose his 2008 private reprimand.

¶26 R.V. maintained that "neither he nor Green Box knew, or had reason to know, that Attorney Ty Willihnganz was failing to properly manage the case, failing to respond to the Plaintiff's communications and failing to comply with the orders of this court."

¶27 In his accompanying affidavit, R.V. stated:

In or around June 2013, Attorney Willihnganz informed me that his license was suspended due to his failure to complete continuing education classes and pay state bar dues. I was informed that Attorney Willihnganz was working towards having his license reinstated.

¶28 R.V. also stated:

Following the filing of the Motion to Withdraw, I did not receive any mail from either the plaintiffs counsel or the court. At the time of Attorney Willihnganz's withdrawal, I also did not receive any documents from him that were provided to him from plaintiff's counsel regarding the discovery issues.

¶29 Attorney Willihnganz complied with his CLE requirements in April 2014; his law license remained suspended

10

until June, 2014, when he resolved all remaining administrative obligations and his law license was reinstated.

¶30 On October 23, 2014, nine months after successor counsel replaced Attorney Willihnganz, the circuit court granted plaintiff's motion for default judgment against R.V. and Green Box and entered judgment against them in the amount of $813,735.34. The defendants appealed but the court of appeals affirmed, noting that after retaining replacement counsel, the defendants did not attempt to rectify the discovery violation for almost eleven months. The court remanded the case, directing the circuit court to amend the judgment to require the plaintiff to transfer his membership units back to Green Box upon payment of the judgment.

¶31 In its decision, the court of appeals stated:

At his deposition, Willihnganz testified that, around the time of his motion, he strongly advised [R.V.] and Green Box to obtain new counsel. Nonetheless, because he expected to be reinstated, he participated in a scheduling conference on September 20, 2013. After the scheduling conference, Willihnganz failed to open his mail, did not respond to telephone calls, and did not provide any additional discovery to [plaintiff's counsel].

Araujo v. Van Den Heuvel, No. 2014AP2846-FT unpublished slip op., ¶3 (Wis. Ct. App. Aug. 25, 2015).

¶32 The referee rendered his report and recommendation in this disciplinary proceeding on September 20, 2016. The referee had already accepted Attorney Willihnganz's admission to the misconduct alleged in count one of the OLR complaint so the

11

report focused on the remaining allegations and the appropriate sanction.

¶33 The complaint alleged that Attorney Willihnganz failed to promptly provide written notification to the court and opposing counsel of his law license suspension, in violation of SCR 22.26(1)(c). An attorney who fails to abide by mandatory continuing legal education requirements may be suspended. See SCR 31.01(1). Supreme Court Rule 22.26(1) provides that an attorney whose license is suspended shall - on or before the effective date of license suspension - do a number of things, including, as pertinent here, promptly providing:

> [W]ritten notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

SCR 22.26(1)(c).

¶34 It is undisputed that Attorney Willihnganz's law license was administratively suspended on June 4, 2013, and that he filed a motion to withdraw as counsel on August 13, 2013.

¶35 Attorney Willihnganz testified that he thought he had a "reasonable amount of time" before he provided notice of his license suspension. The referee observed that "even under the most liberal interpretation" of the rule, Attorney Willihnganz's delay in this matter was unreasonable. Moreover, the referee

noted that "the record is devoid of any evidence that [Attorney Willihnganz] furnished notice of his suspension in the manner contemplated by the rule." The referee thus concluded that by failing to promptly provide written notification to the court and opposing counsel of his June 4, 2013, law license suspension and his consequent inability to act as an attorney after June 4, 2013, Attorney Willihnganz violated SCR 22.26(1)(c) as alleged in count two of the OLR complaint.

¶36 The referee next considered whether Attorney Willihnganz practiced law after his license had been suspended in violation of SCRs 31.10(1) and 22.26(2). Specifically, as alleged in the complaint and as stipulated by the parties, Attorney Willihnganz sent a letter and answers to interrogatories to opposing counsel on June 5, 2013, one day after his administrative license suspension, and he appeared on his clients' behalf at a September 20, 2013 telephone scheduling conference, during that suspension.

¶37 Attorney Willihnganz argued that he qualified for a narrow exception to the prohibition against a suspended lawyer practicing law, on the theory that he was engaged in law related work for a commercial employer itself not engaged in the practice of law, namely Green Box. Supreme Court Rule 22.26(2) provides:

> An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, *except that the attorney may engage in law*

13

> *related work in this state for a commercial employer*
> *itself not engaged in the practice of law.*

(Emphasis added). <u>See also</u> <u>In re Disciplinary Proceedings</u>
<u>Against Hyndman</u>, 2002 WI 6, 249 Wis. 2d 650, 638 N.W.2d 293.

¶38 The referee was not persuaded. The referee specifically found that Attorney Willihnganz was not an employee of Green Box. The referee thus rejected Attorney Willihnganz's contention that his work for Green Box fell within the exception to SCR 22.26(2).

¶39 The referee also rejected Attorney Willihnganz's effort to characterize his actions as permissible because they were "purely administrative." For example, Attorney Willihnganz claimed he had drafted the discovery responses before his suspension and merely mailed them after the suspension and noted that lay persons sometimes attend scheduling conferences.

¶40 The referee rejected these arguments. He noted that SCR 22.26(2) broadly encompasses "any law work activity customarily done by law students, law clerks, or other paralegal personnel" and concluded that it was impermissible for Attorney Willihnganz to send the discovery responses or participate in the scheduling conference while suspended. Accordingly, the referee concluded that Attorney Willihnganz practiced law after his privilege to do so had been suspended, thereby violating SCRs 31.10(1) and 22.26(2).

¶41 The referee next considered whether Attorney Willihnganz violated SCR 20:8.4(c) by giving false testimony at his January 22, 2014, deposition. Specifically, when asked

14

about his professional disciplinary history, Attorney Willihnganz did not affirmatively disclose having received a private reprimand in 2008.

¶42 At the evidentiary hearing, Attorney Willihnganz testified that he was nervous during the deposition and he just "forgot" about the private reprimand.  He said he had nothing to gain by not disclosing it, noting he had disclosed the public reprimand which he considered more serious.  The OLR argued this was "just not credible."

¶43 The referee stated, "I frankly do not know, based on this record, whether [Attorney Willihnganz] remembered or forgot that he had been privately reprimanded."  At the hearing and in his report, the referee raised questions about the scope of a lawyer's obligation to affirmatively disclose a private reprimand.  Ultimately, the referee recommended the court dismiss count four of the complaint.

¶44 Supreme Court Rule 22.17(1) provides that within 20 days after the filing of the referee's report, the director or the respondent may file with the supreme court an appeal from the referee's report. Neither party appealed.  Accordingly, we review this matter pursuant to SCR 22.17(2).

¶45 This court will affirm a referee's findings of fact unless they are found to be clearly erroneous, but we review the referee's conclusions of law on a de novo basis.  In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125.  We determine the appropriate level of discipline given the particular facts of each case,

15

independent of the referee's recommendation, but benefitting from it. In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶46 There is no showing that any of the referee's findings of fact, which are largely derived from the parties' stipulation and the referee's credibility determinations, are clearly erroneous. Accordingly, we adopt them.

¶47 We also accept the referee's conclusions with respect to the alleged misconduct. We agree with the referee's analysis and share his conclusion that Attorney Willihnganz committed the misconduct alleged in counts one, two, and three of the complaint.

¶48 The facts of record in this case do not support a conclusion that Attorney Willihnganz's deposition testimony constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c). Omissions that cause a statement to be false can constitute unethical conduct in violation of SCR 20:8.4(c). See, e.g., In re Disciplinary Proceedings Against Knickmeier, 2004 WI 115, 275 Wis. 2d 69, 683 N.W.2d 445, cert. denied, 544 U.S. 1041 (2005); In re Disciplinary Proceedings Against Urban, 2002 WI 63, 253 Wis. 2d 194, 645 N.W.2d 612. Here, the referee did not find that Attorney Willihnganz's omission was dishonest, fraudulent, deceitful, or that he communicated an untruth, either knowingly or with reckless disregard. See SCR 20:1.0(h) (defining misrepresentation). Mindful that the referee is the ultimate arbiter of witness credibility, In re Disciplinary Proceedings

16

Against Riordan, 2012 WI 125, ¶28, 345 Wis. 2d 42, 824 N.W.2d 441, we conclude that there is insufficient evidence on this record to establish that Attorney Willihnganz's deposition testimony constituted conduct involving dishonestly, fraud, deceit or misrepresentation in violation of SCR 20:8.4(c). Accordingly, we dismiss count four of the OLR's complaint.

¶49 We next consider the appropriate discipline for Attorney Willihnganz's misconduct. The referee properly considered relevant factors, including, (1) the seriousness, nature and extent of the misconduct; (2) the level of discipline needed to protect the public, the courts and the legal system from repetition of the attorney's misconduct; (3) the need to impress upon the attorney the seriousness of the misconduct; and (4) the need to deter other attorneys from committing similar misconduct. In re Disciplinary Proceedings Against Hammis, 2011 WI 3, ¶39, 331 Wis. 2d 19, 793 N.W.2d 884; see also In re Disciplinary Proceedings Against Grogan, 2011 WI 7, ¶15, 331 Wis. 2d 341, 795 N.W.2d 745 (recognizing the ABA Standards as a guidepost).

¶50 The referee acknowledged that this court generally follows a policy of progressive discipline. In re Disciplinary Proceedings Against Ray, 2004 WI 45, 270 Wis. 2d 651, 678 N.W.2d 246; In re Disciplinary Proceedings Against Louderman, 230 Wis. 2d 200, 601 N.W.2d 625 (1999).

¶51 Indeed, in this case, the OLR's recommendation for a 60-day suspension was predicated on the OLR's policy of progressive discipline. The OLR acknowledged that Attorney

Willihnganz's conduct in this matter was not egregious. The OLR observed:

> In and of themselves in a vacuum, these violations are relatively minor in that they don't involve harming anyone, stealing any money or anything of that severity. The reason for the recommendation of a 60-day suspension is in weighing the pros and cons, the merits and the balancing test, there is a desire in the system that, for attorneys like Mr. Willihnganz, that there be a system of progressive discipline. Progressive discipline meaning that where, unfortunately, there are subsequent violations, that the penalties become increasingly more severe, Mr. Willihnganz's first violation was - resulted in a private reprimand. His second violation resulted in a public reprimand. Had it not been for those two cases, the OLR's recommendation in this case would probably be for either a private or public reprimand because that's the level of severity in a vacuum which they reach.

¶52 The referee declined to impose progressive discipline in this case. The referee opined that the cases cited by the OLR involved more serious misconduct than was committed here. He observed that Attorney Willihnganz provided representation in only one case, over a brief period of time, and performed minimal legal work. The referee found Attorney Willihnganz's testimony credible when he said that he repeatedly urged the client to provide more extensive discovery responses. The referee also believed that Attorney Willihnganz "repeatedly urged the client to engage the services of another lawyer."

¶53 The referee cited several cases where this court opted to impose a successive public reprimand despite the OLR's recommendation for progressive discipline in the form of a license suspension. See In re Disciplinary Proceedings Against

18

*Kremkoski*, 2006 WI 59, 291 Wis. 2d 1, 715 N.W.2d 594 (imposing public reprimand despite prior private and public reprimand); In re Disciplinary Proceedings Against Brandt, 2009 WI 43, 317 Wis. 2d 266, 766 N.W.2d 194 (imposing public reprimand despite two private reprimands and a public reprimand); In re Disciplinary Proceedings Against Hudec, 2014 WI 46, 354 Wis. 2d 728, 848 N.W.2d 287 (imposing public reprimand despite three prior private reprimands and one public reprimand). The referee noted the absence of other aggravating factors and the presence of mitigating factors, including his cooperativeness and remorse. The OLR has not appealed this recommendation and we accede to the referee's recommendation that a public reprimand is sufficient discipline for Attorney Willihnganz's misconduct.

¶54 Finally, although the referee recommends we dismiss one of the alleged counts of misconduct, he recommends that we impose all of the costs of this disciplinary proceeding. In re Disciplinary Proceedings Against Polich, 2005 WI 36, ¶¶29-30, 279 Wis. 2d 266, 694 N.W.2d 367 (holding that even when a respondent prevails on a number of counts, it is still the court's policy to assess full costs). We agree. Nothing about this case warrants deviating from our general policy of imposing all costs upon the respondent. See SCR 22.12. Attorney Willihnganz is ordered to pay the full costs of the proceeding, which are $5,028.97 as of October 6, 2016.

¶55 We accept the OLR's October 6, 2016 statement that restitution is not warranted in this matter.

19

¶56  IT IS ORDERED that count four of the complaint is dismissed.

¶57  IT IS FURTHER ORDERED that Ty Christopher Willihnganz is publicly reprimanded for his professional misconduct.

¶58  IT IS FURTHER ORDERED that within 60 days of the date of this order, Ty Christopher Willihnganz shall pay to the Office of Lawyer Regulation the costs of this proceeding, which total $5,028.97 as of October 6, 2016.

¶59  IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.

¶60 SHIRLEY S. ABRAHAMSON, J. *(concurring).* I join the per curiam but write separately to state that I would have the court address count 4, namely giving false testimony at a deposition.

¶61 When Attorney Willihnganz was asked at a deposition if he had been disciplined only once by this court, he responded "Yes," apparently referring to a public reprimand he had received from this court.

¶62 In addition to the public reprimand, Attorney Willihnganz had received a private reprimand from this court.

¶63 The referee decided to dismiss count 4 but raised questions about the scope of a lawyer's obligation to affirmatively disclose a private reprimand to a tribunal.

¶64 I do not object to the referee's recommendation to dismiss count 4. I do, however, conclude that the court ought to answer whether an attorney should consider a private reprimand as discipline by this court in answering questions about court discipline. Lawyers, as well as the Office of Lawyer Regulation and referees, ought to know the answer to this question for the future.

1