# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP1397-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Diann P. Burton, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| |        Complainant, |
| |    v. |
| | Diann P. Burton, |
| |        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BURTON

| | |
|---|---|
| OPINION FILED: | March 22, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|    COURT: | |
|    COUNTY: | |
|    JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|    CONCURRED: | |
|    DISSENTED: | |
|    NOT PARTICIPATING: | |

ATTORNEYS:

**2019 WI 30**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2018AP1397-D

STATE OF WISCONSIN : IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Diann P. Burton, Attorney at Law:

Office of Lawyer Regulation,

      Complainant,

    v.

Diann P. Burton,

      Respondent.

**FILED**

MAR 22, 2019

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. We review Referee Kim M. Peterson's recommendation that the court declare Attorney Diann P. Burton in default and publicly reprimand her for professional misconduct in connection with her practice of law while her law license was suspended, and her improper use of a firm name for her solo practice. The referee also recommended that Attorney Burton pay the full costs of this proceeding, which total $533 as of January 15, 2019.

¶2 Because no appeal has been filed, we review the referee's report pursuant to Supreme Court Rule (SCR) 22.17(2).[1] After conducting our independent review of the matter, we agree with the referee that, based on Attorney Burton's failure to answer the complaint filed by the Office of Lawyer Regulation (OLR), the OLR is entitled to a default judgment. We also agree with the referee that Attorney Burton's professional misconduct warrants a public reprimand. Finally, we agree with the referee that Attorney Burton should be ordered to pay the full costs of the proceeding.

¶3 Attorney Burton was admitted to practice law in Wisconsin in 1997. Her law license is currently subject to administrative and temporary suspensions. On October 31, 2016, Attorney Burton's law license was administratively suspended due to her failure to pay mandatory bar dues and her failure to file a trust account certification. On May 22, 2018, her law license was administratively suspended due to her failure to comply with continuing legal education requirements. On July 10, 2018, her law license was temporarily suspended due to her failure to

---

[1] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

cooperate in an OLR investigation unrelated to the misconduct at issue in this case.

¶4 On July 26, 2018, the OLR filed the current complaint against Attorney Burton. The complaint alleges four counts of professional wrongdoing. The following facts are taken from the OLR's complaint.

¶5 In August 2014, M.B. and Y.B. hired Attorney Burton to file a petition for a Chapter 7 bankruptcy and paid her a $1,000 flat fee for her representation. Attorney Burton continued to provide legal advice to M.B. and Y.B. after her law license was administratively suspended in October 2016, though she never filed a bankruptcy petition on their behalf.

¶6 In addition, at the time of her administrative license suspension in October 2016, Attorney Burton had at least eight open bankruptcy cases pending in the United States Bankruptcy Court for the Eastern District of Wisconsin. Attorney Burton did not notify her clients or the bankruptcy court of the suspension of her license and continued as counsel of record in the pending cases while her license was suspended. Legal work that Burton performed while her law license was suspended included:

- filing a Chapter 7 bankruptcy petition in February 2017 on behalf of a client, and representing that client through the bankruptcy discharge granted in May of 2017;

- filing amended Chapter 13 plans;

- filing responses to and stipulations resolving trustees' motions to dismiss; and

3

- filing a petition for voluntary amortization of debts in February 2017 on behalf of another client in a Wisconsin circuit court.

¶7 Finally, while operating as a solo practitioner, Attorney Burton used a law firm name and letterhead that listed several partners, one of whom had a suspended law license.

¶8 The OLR's complaint alleged the following four counts of misconduct arising out of the matters described above:

- By practicing law while her license was suspended, Attorney Burton violated SCR 10.03(6)[2] and SCR 22.26(2),[3] enforceable via SCR 20:8.4(f)[4] (Count 1).

---

[2] SCR 10.03(6) provides:

If the annual dues or assessments of any member remain unpaid 120 days after the payment is due, the membership of the member may be suspended in the manner provided in the bylaws; and no person whose membership is so suspended for nonpayment of dues or assessments may practice law during the period of the suspension.

[3] SCR 22.26(2) provides:

An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

[4] SCR 20:8.4(f) provides:  "It is professional misconduct for a lawyer to violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

4

- By failing to provide proper written notice of the suspension of her law license to clients and to courts before which she had pending matters, Attorney Burton violated SCR 22.26(l),[5] enforceable via SCR 20:8.4(f) (Count 2).

---

[5] SCR 22.26(1) provides:

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

(c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence.

(d) Within the first 15 days after the effective date of suspension or revocation, make all arrangements for the temporary or permanent closing or winding up of the attorney's practice. The attorney may assist in having others take over clients' work in progress.

(e) Within 25 days after the effective date of suspension or revocation, file with the director an affidavit showing all of the following:

(continued)

- By using a law firm name that listed several partners despite operating as a solo practitioner, Attorney Burton violated SCR 20:7.5(d)[6] (Count 3).

- By using the name of a suspended attorney in her firm name and letterhead, Attorney Burton violated SCR 22.27(1),[7] enforceable via SCR 20:8.4(f) (Count 4).

¶9   According to the OLR's motion for default, to which Attorney Burton did not respond, the OLR made multiple attempts to serve Attorney Burton with the complaint and an order to answer.  Specifically, in August and September 2018, a process

---

(i) Full compliance with the provisions of the suspension or revocation order and with the rules and procedures regarding the closing of the attorney's practice.

(ii) A list of all jurisdictions, including state, federal and administrative bodies, before which the attorney is admitted to practice.

(iii) A list of clients in all pending matters and a list of all matters pending before any court or administrative agency, together with the case number of each matter.

(f) Maintain records of the various steps taken under this rule in order that, in any subsequent proceeding instituted by or against the attorney, proof of compliance with the rule and with the suspension or revocation order is available.

[6] SCR 20:7.5(d) provides:  "Lawyers may state or imply that they practice in a partnership or other organization only when that is the fact."

[7] SCR 22.27(1) provides:  An attorney may not use in a firm name, letterhead or other written form the name of an attorney whose license is suspended or revoked.

6

server retained by the OLR tried to personally serve Attorney Burton with the complaint and order to answer at the home address that Attorney Burton had provided to the OLR during its investigation, as well as her office address on file with the State Bar. These attempts were unsuccessful. In October 2018, the OLR mailed the complaint and order to answer to Attorney Burton's home address and her office address on file with the State Bar, via certified mail. See SCR 22.13(1).[8]

¶10 Attorney Burton failed to file an answer. In November 2018, the OLR filed a default motion.

¶11 In her ensuing report, the referee recommended that the court find Attorney Burton in default. The referee accepted the allegations of the complaint as the findings of fact in the case and concluded that those facts established that Attorney Burton had committed professional misconduct as set forth in the four counts of the complaint. As requested by the OLR, the referee recommended that Attorney Burton be publicly reprimanded for her misconduct and that she be ordered to pay the costs of the proceeding.

---

[8] SCR 22.13(1) provides:

> The complaint and the order to answer shall be served upon the respondent in the same manner as a summons under section 801.11(1) of the statutes. If, with reasonable diligence, the respondent cannot be served under section 801.11(1)(a) or (b) of the statutes, service may be made by sending by certified mail an authenticated copy of the complaint and order to answer to the most recent address furnished by the respondent to the state bar.

7

¶12 Because Attorney Burton has not filed an appeal, this matter is submitted to the court for its review pursuant to SCR 22.17(2). We review a referee's findings of fact subject to the clearly erroneous standard. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We review the referee's conclusions of law de novo. Id. We determine the appropriate level of discipline independent of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶13 We agree with the referee that Attorney Burton should be declared in default. Attorney Burton was given the opportunity to file an answer and present a defense to the OLR's complaint. She failed to do so, and thus may appropriately be declared in default. We also accept the referee's findings of fact based on the allegations of the complaint, and agree with the referee that those findings support a determination of misconduct on the four counts alleged in the OLR's complaint.

¶14 We also agree with the referee that a public reprimand is an appropriate sanction for Attorney Burton's misconduct. Although no two disciplinary proceedings are identical, a public reprimand is generally consistent with our precedent. See In re Disciplinary Proceedings Against Willihnganz, 2017 WI 4, 373 Wis. 2d 44, 889 N.W.2d 637 (publicly reprimanding a respondent-lawyer with a disciplinary history for, among other things, practicing law after his law license was administratively suspended); see also In re Disciplinary Proceedings Against

8

<u>Weigel</u>, 2012 WI 71, 342 Wis. 2d 129, 817 N.W.2d 835 (publicly reprimanding the respondent-lawyer for, among other things, continuing to use another attorney's name in a firm name after that attorney's employment at the firm had ended). We also believe that a public reprimand will be sufficient to deter Attorney Burton and other attorneys from similar misconduct.

¶15 As to the issue of costs, it is our general practice to impose full costs on attorneys who are found to have committed misconduct. <u>See</u> SCR 22.24(1m). There is no reason to depart from that practice here. We therefore impose full costs.

¶16 Finally, we note that no restitution was sought and none is ordered in this proceeding.

¶17 IT IS ORDERED that Diann P. Burton is publicly reprimanded for her professional misconduct.

¶18 IT IS FURTHER ORDERED that within 60 days of the date of this order, Diann P. Burton shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶19 IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this decision.

¶20 IT IS FURTHER ORDERED that the license of Diann P. Burton to practice law in Wisconsin shall remain temporarily suspended pursuant to this court's July 10, 2018 order.

¶21 IT IS FURTHER ORDERED that the administrative suspension of Diann P. Burton's license to practice law in Wisconsin, due to her failure to pay mandatory bar dues, failure to file a trust account certification, and failure to comply

9

with continuing legal education requirements, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).